GLYN v. TITLE GUARANTEE & TRUST CO.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. DISMISSAL AND NONSUIT (§ 58*)—DISMISSAL OF COMPLAINT BEFORE INTRODUCTION OF EVIDENCE—EFFECT.

A dismissal of the complaint before the introduction of any evidence amounts to the sustaining of a demurrer to the complaint for insufficiency and is erroneous, where, in any aspect, on the facts stated, plaintiff is entitled to any recovery.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58.*]

2. ABSTRACTS OF TITLE (§ 3*)—LIABILITIES OF EXAMINER OF TITLE.

A company undertaking to act for a purchaser of real estate as a conveyancer, who examines the title and advises whether it is good and marketable, assumes the duties of an individual attorney or conveyancer, and must exercise due care in investigating the title and disclose the result, and advise the purchaser as to what course he should take in view of the facts.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. § 3.*]

3. ABSTRACTS OF TITLE (§ 3*)—LIABILITIES OF EXAMINER OF TITLE.

One undertaking to act for a purchaser of land as a conveyancer, who examines the title, and advises whether it is good and marketable,

is chargeable with knowledge of encroachments on the property, patent on inspection, though such encroachments are apparently not of a character on which to found a claim of title to any part of the premises, since he must advise the purchaser of the exact character of the encroachments, to the end that the purchaser may intelligently determine whether he will accept the title so incumbered.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. § 3.*]

4. ABSTRACTS OF TITLE (§ 3*)—LIABILITIES OF EXAMINER OF TITLE.

A letter written by one who undertook to act for a purchaser of land as a conveyancer, which recited that the survey showed variations between the locations of the fences, stoops, and record lines, but which did not state what such variations were, and which recited that they could not affect the marketability of the title, and that there were no other objections to the title, failed to inform the purchaser of or suggest to him the true state of the encroachments on the property, and was therefore a failure of performance of duty towards the purchaser.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. § 3.*]

5. INSURANCE (§ 426½*)—INSURING TITLE—CONTRACT—CONSTRUCTION.

A policy insuring a purchaser of real estate against any defect of title affecting the premises, or the interest of the purchaser therein, or by reason of the unmarketability of the title or by reason of liens or incumbrances at the date of the policy, but exempting "variations between the location of the fences, stoops and the record lines," is breached by encroachments on the premises arising from the fact that the stoop, the door cap, and pilaster newel post of the adjoining property encroached several inches on the premises.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 426½.*]

6. INSURANCE (§ 645*)—INSURING TITLE—ACTIONS—COMPLAINT—ISSUES AND PROOF.

A complaint in an action on a policy insuring title to real estate, which alleges that by reason of the premises insured has suffered damage in a specified sum, is sufficient to permit proof of such damage as is the naturally and legally presumable consequences of the injury done.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 645.*]

7. INSURANCE (§ 507½*)—INSURING TITLE—AMOUNT OF RECOVERY.

Insured in a policy insuring the title of real estate against encroachments is entitled to recover the difference between the value of the property when purchased as it was with encroachments and its value as it would have been if there had been no such encroachments.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 507½.*]

Ingraham, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Mary R. H. Glyn against the Title Guarantee & Trust Company. From a judgment dismissing the complaint at the trial before the introduction of any evidence, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles Howard Russell, for appellant.

Harold Swain, for respondent.

SCOTT, J. The complaint was dismissed at the trial before any evidence was introduced. This amounted practically to sustaining a

demurrer to the complaint for insufficiency, and was erroneous if, in any aspect, upon the facts stated in the complaint, the plaintiff was entitled to any recovery. Abbott v. Easton (N. Y.) 88 N. E. 572. From the judgment entered upon the dismissal, the plaintiff appeals. The complaint attempts to state two causes of action. It sets forth that in November, 1904, plaintiff contracted to buy from one Wood the premises known as No. 47 East Sixty-Fifth street in the city of New York, and from one Goodkind the premises known as No. 49 East Sixty-Fifth street, and "retained and employed the defendant herein to search the title to said premises"; that thereafter the defendant certified to plaintiff the title to premises No. 47 East Sixty-Fifth street, and said premises were conveyed to plaintiff on or about December 1, 1904; that on December 23, 1904, defendant wrote to plaintiff's husband that it had completed the examination of the title to No. 49 East Sixty-Fifth street, and that the letter contained the following statement:

"The survey shows variations between the location of the fences, stoops and record lines. We can guarantee however that the stoop of the building may remain undisturbed so long as the same stands. Policy will state that no title can be insured to any land lying west of the centre of the westerly part of the party wall and the line in continuation thereof, nor east of a line parallel with Park Avenue and distant 134 feet westerly on both sides and the lines run through the walls, these cannot affect the marketability of your title. The lines on which we will insure only differ very slightly from the deed dimensions. There are no other incumbrances and objections to title except as above stated."

That, depending and relying upon said report, plaintiff took title to said premises No. 49 East Sixty-Fifth street; that a long time after she had taken title to said premises plaintiff discovered that the stoop, the door cap, and the pilaster of No. 51 East Sixty-Fifth street encroached nine inches or more on the said premises No. 49 East Sixty-Fifth street, and that the newel post of said stoop of No. 51 East Sixty-Fifth street encroached one foot and nine inches on said premises No. 49 East Sixty-Fifth street, and that said encroachment had existed for over 20 years, and that such encroachments rendered the title to No. 49 East Sixty-Fifth street unmarketable; that in engaging defendant to act for her in searching the titles to said premises plaintiff did not engage the services of a lawyer, but relied entirely upon the defendant, as said defendant well knew; that defendant was careless and negligent and misled plaintiff to her damage. The second cause of action is based upon a policy of title insurance issued to plaintiff, wherein defendant insured plaintiff's title to said premises No. 49 East Sixty-Fifth street, excepting, however, from its contract of insurance "variations between the location of the fences and stoops and the record lines, but the stoop of the building on the premises described in Schedule A may remain undisturbed so long as same stands." The breach of the policy as alleged consists of the same encroachments of the door cap, pilaster, stoop, and newel post of No. 51 East Sixty-Fifth street described in the first cause of action.

It will be observed that defendant undertook to act for plaintiff in two capacities—as a conveyancer who examined the title and under-

took to advise her whether it was good and marketable, and as an insurer who undertook to insure that she had a good and marketable title. In the former capacity the defendant assumed the same responsibilities and owed to the plaintiff the same duty as if it had been an individual attorney or conveyancer. This involved upon its part the exercise of due care and skill in investigating the title, and the utmost frankness toward the plaintiff in disclosing to her the result of its investigations, and in advising her as to what course she should take in view of the facts which had been discovered respecting the title. It has assumed toward the plaintiff the relations of attorney, and thereby assumed all the obligations of an attorney to his client. Ehmer v. Title Guar. & Trust Co., 156 N. Y. 10, 50 N. E. 420. The encroachments upon the property, which were patent upon inspection and of which the defendant is chargeable with knowledge, consisted apparently of the overlapping upon plaintiff's premises of the ornamental and nonessential portions of the stoop and portico of the adjoining house, apparently not of a character to found upon it a claim of title to any part of the fee of plaintiff's premises, but perhaps sufficient for the foundation of a claim to the right of support. Whether such encroachments would in point of fact render plaintiff's title unmarketable is perhaps a question (Van Horn v. Stuyvesant, 50 Misc. Rep. 432, 100 N. Y. Supp. 547), but it is apparent that they might to some degree interfere with the free development and improvement of the property, and to that extent might affect its market value. At all events, it was due to the plaintiff that she should be advised of the exact character and nature of the encroachments, to the end that she might be able intelligently to determine whether or not she would accept title to the property incumbered by these encroachments. The only advice or information upon the subject, so far as appears, which the defendant communicated, was that contained in the letter above quoted. Clearly that letter was not calculated to convey to the lay mind the true facts of the case. It is true that the letter states that the survey shows variations between the locations of the fences, stoops, and record lines. It does not state what these variations are, and what follows in the letter was calculated, and no doubt intended, to lead plaintiff to believe that whatever variations were found were of slight importance, or of none at all, and did not affect the marketability of the title. This letter falls far short of informing plaintiff of or even suggesting to her the true state of the encroachments upon the property. Upon the complaint as it stands, the first count, as we think, sufficiently alleges negligence and a failure of duty upon the part of defendant.

The second count seeks to charge defendant upon its contract liability as insurer, and involves many of the same considerations which apply to the first cause of action. The policy insures plaintiff against "any defect or defects of title affecting said premises or affecting the interest of the insured therein, or by reason of the unmarketability of the title or by reason of liens or incumbrances at the date of the policy, excepting as the policy might save or exempt." The encroachments described in the complaint, with the right of continued support

so long as they might stand, undoubtedly constituted an incumbrance upon the property referred to in the policy, for they were matters which might interfere with or prevent the free use and improvement of the property by the owner, and which the owner could not at will remove, and they are not in our opinion exempted from the operation of the policy by the words contained in the exemption clause, "variations between the location of the fences and stoops and the record lines," for this clause makes no reference to the door cap and pilaster, which also overlap and encroach. It is objected that the complaint does not sufficiently allege damage. It contains as to each cause of action the general allegation that, by reason of the premises, the plaintiff has suffered damage in the sum of $12,608, with interest. It is true that the plaintiff does not allege in her complaint any facts upon which the amount of her damage can be estimated. It is not necessary that she should do so, for her general allegation of damage is sufficient to permit proof of such damage as is the naturally and legally presumable consequence of the injury done her. Laraway v. Perkins, 10 N. Y. 371. She is entitled to recover the difference between the value of the property when purchased, as it was with the encroachments, and its value as it would have been if there had been no such encroachments. Kidd v. McCormick, 83 N. Y. 391. Whether or not there was any such difference is, of course, a matter of proof; but, if it should be established that there was a difference, the allegations of the complaint are sufficient to permit its recovery.

The judgment appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN, CLARKE, and HOUGHTON, JJ., concur.

INGRAHAM, J. I do not think that the letter of December 23, 1904, can be treated as giving to the plaintiff an independent cause of action. It was simply a letter that the title had been examined, that a policy would be issued which should insure the plaintiff's title to the property with certain exceptions, and the plaintiff's subsequent acceptance of the policy of insurance issued by the company was an acceptance by the plaintiff of the obligation of the defendant which it assumed by its letter. I think, therefore, the liability of the defendant must depend upon the terms of the policy subsequently issued and accepted by the plaintiff, and that a recovery upon the first cause of action could not be sustained.

Upon the second cause of action I am inclined to agree with Mr. Justice SCOTT that a cause of action was stated, and that it was error to dismiss the complaint. I also agree with his statement as to the measure of damages. I therefore concur in the reversal of the judgment.