STOLLER v. FRANKEN.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. PARTNERSHIP ☞11—RELATION.

A contract whereby a new department was established in defendant's store, to be maintained for two years under plaintiff's management, providing that plaintiff should receive $45 a week out of the department, and 50 per cent. of the department's net profits at the end of each year, that defendant should furnish the cash and credit for all merchandise, running expenses, and salaries, to be deducted from the gross income in a division of the profits, and should receive $50 a month for six months, and $95 a month thereafter, deducted from the gross profits, for rent for the floor space, and that plaintiff should buy and sell, and indorse or sign notes or checks, only upon defendant's approval, constituted a joint venture or a partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 26; Dec. Dig. ☞11.]

2. PARTNERSHIP ☞313—ACTION FOR PROFITS—FORM.

In such case, plaintiff's action to ascertain the net profits, in which he was entitled to share, would be an action in equity for an accounting.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 679, 729, 729½; Dec. Dig. ☞313.]

3. ACCOUNT STATED ☞18—ACTION—PLEADING.

A complaint in an action on the theory that the contract between plaintiff and defendant was an agreement to pay for plaintiff's services, alleging that, after deducting all expenses and allowances according to the agreement, there was a net profit of $22,151, of which plaintiff was entitled to one-half, that it was mutually agreed that defendant was entitled to an allowance for cash and merchandise in the sum of $1,147, leaving a balance due and owing to plaintiff of $9,695, which defendant promised to pay, as to the first year's profit, showed a stated account and promise to pay the same, upon which an action at law could be brought.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 85–90; Dec. Dig. ☞18.]

4. DISMISSAL AND NONSUIT ☞54—FORM OF ACTION.

Where a complaint alleged an account stated, upon which an action at law could be brought, the court, on the assumption that a cause of action for an accounting upon a contract for a joint venture or partnership

is in equity, was not authorized to dismiss the complaint, as a dismissal is error, if plaintiff is entitled to any relief upon the facts alleged.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 111; Dec. Dig. ⬪54.]

Appeal from Trial Term, New York County.

Action by Max Stoller against John Franken. From a judgment dismissing plaintiff's complaint upon a motion made at the opening of the trial upon the pleadings, plaintiff appeals. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

Philip C. Samuels, of New York City, for appellant.

Otto Horwitz, of New York City, for respondent.

SMITH, J. The case had been moved at a Trial Term of the Supreme Court before a jury.

From the complaint it appears that the defendant was in business under the style of Franken Bros.; that upon the 9th day of September, 1912, a new department of that store was instituted under the name of the "Max Stoller Department of Franken Bros." This department was set aside for the business of selling dress fabrics, and was to be maintained for a period of two years from the date of its creation. The plaintiff was put in charge of it, and it was agreed that for his services he was to receive the sum of $45 a week out of the department, and was further to receive 50 per cent. of the net profits of said department at the end of each and every year. The defendant was to furnish the cash and credit for all merchandise and for the running expenses and salaries, and same was to be deducted from the gross income in a division of the profits. Furthermore, it was provided that the defendant was to receive $50 a month for the first six months, and $95 a month thereafter, which was to be deducted from the gross profits, for rents for such parts of the building as were necessary for the running of this department, and such sum should be deducted as might be agreed upon for gas and electricity. It was further agreed that this plaintiff would run the business, and buy and sell with the approval of the defendant, and that he would make no purchases without the consent of the defendant, or indorse or sign any notes or checks without such consent, and that all money or checks and negotiable instruments should be in charge of the defendant. It was further provided that either party might terminate the relation by reason of default of the other party, by giving 10 days' notice.

[1, 2] Plaintiff claims that this is purely an agreement for services, and that his interest in the profits is simply in payment of such services. Defendant contends that the agreement constitutes a joint venture in the nature of a partnership. These claims present the first question for consideration.

In my judgment the agreement has all the indicia of a joint venture or partnership. The allowances both to the defendant and to the plaintiff of specific sums to be deducted from the proceeds before the net

profits were ascertained are in the nature of partnership allowances. The restrictions and limitations placed upon the plaintiff, that he should act only with the approval of the defendant, make purchases only with his consent, sign notes only with his consent, are restrictions which would naturally be placed upon a partner or one interested jointly, from which relation a greater power might naturally be assumed to exist without the expression of a limitation. If the plaintiff were a mere employé of the defendant, these limitations would naturally follow, or at least would be unnecessarily placed in the agreement of employment. The interest of the plaintiff, then, in this 50 per cent. of the net profits after the deduction of expenses and certain allowances to both parties, was an interest in the profits as such, and not merely an interest therein for the purpose of ascertaining the amount of compensation for services rendered. The court properly held, therefore, that the relations existing between the parties were partnership relations and that an action to ascertain the net profits must, accordingly, be an action in equity for an accounting.

[3] The plaintiff contended upon the trial that, even though this contract created a joint venture or partnership, nevertheless as to the first year's profits he had pleaded an account stated, which was the proper subject of a legal action. The fifth paragraph of the complaint states that under and pursuant to the terms of the agreement, after deducting all expenses and allowances, there was a net profit in said business of $22,151.23, of which the plaintiff was entitled to one-half. The sixth paragraph then states:

"That it was mutually agreed that the defendant herein was entitled to an allowance for cash and merchandise up to the 1st day of September, 1913, in the sum of $1,147.42, leaving a balance due and owing to the plaintiff from the defendant of $9,695.87, which the defendant promised and agreed to pay."

It is undoubted that two partners may agree upon a balance due, and after such agreement an action at law may be brought therefor. While the agreement as to the balance due is not here stated as clearly as it might have been, nevertheless it is clearly stated that the credit was mutually agreed upon. The balance due is then stated, and the promise of the defendant to pay the same. A fair interpretation of the whole paragraph would, I think, lead to the conclusion that as to the first year's profits an account was stated of the balance due, and a promise made to pay same, upon which an action at law could be brought. As to the action for the profits for the first year, there was error in dismissing the complaint, and the plaintiff should have been allowed to make proof thereof.

[4] Upon the assumption, however, that a cause of action for an accounting upon a contract for a joint venture or partnership is in equity, the court was not authorized to dismiss the plaintiff's complaint. In Glyn v. Title Guarantee & Trust Co., 132 App. Div. 859, 117 N. Y. Supp. 424, the headnote in part reads:

"Where a complaint is dismissed at trial before evidence taken, it is the same as sustaining a demurrer on the grounds of insufficiency, and the dismissal is error if the plaintiff is entitled to any recovery upon the facts alleged."

In Thomas v. Schumacher, 17 App. Div. 441, 45 N. Y. Supp. 166, the headnote in part reads:

"The fact that the plaintiff in an action in equity has demanded in his complaint the wrong relief, or relief to which he is not entitled, does not justify the court in dismissing the complaint, where the facts show that he is entitled to recover damages at law. If the case is not one properly triable in equity, it should be transferred to a term where it can be tried before a jury."

In Perrin v. Smith, 135 App. Div. 127, 119 N. Y. Supp. 990, the headnote in part reads:

"Although a complaint in equity will be dismissed on demurrer, if it fail to state an equitable cause of action, yet after answer it will not be dismissed on a motion for judgment on the pleadings, if it state a legal cause of action, no matter what the prayer for relief."

These views lead to an order reversing the judgment and granting a new trial, with costs to appellant to abide the event of the action. Order filed. All concur.