### BRAYTON v. BEALL.

1. NAME.—Code 1902, 2699, *et seq.,* providing mode of changing the name, is an affirmance of the common law that a man may change his name or by general use acquire another.

2. IBID.—MORTGAGES—RECORDING.—The record of a chattel mortgage executed by the real owner under a name by which he is known and recognized in the community, is constructive notice to a subsequent mortgagee who takes a mortgage from the same person on the same property under another name by which the owner is also known and recognized in the community.

2. CLAIM AND DELIVERY—APPEAL.—PUNITIVE DAMAGES are not recoverable in an action in claim and delivery, but appellant here cannot take advantage of the error in so instructing the jury because he raised that issue in his pleadings. Verdict here held not to include punitive damages.

Before WATTS, J., Richland, August, 1905. Affirmed.

Action by Ellery M. Brayton against Edward A. Beall. From judgment for plaintiff, defendant appeals.

*Messrs. Logan & Edmunds,* for appellant, cite: *Names under common law:* 39 Neb., 59; 21 Ency., 306; 74 Fed. R., 543; 10 Fed. R., 897; 21 Ill., 31; 42 N. Y. Sup. Ct., 570. *Is comon law changed by statute:* Code 1902, 2699, 2700-1-2.

*Messrs. A. J. & H. P. Green,* contra, cite: *Since adoption of Code, 1902, 2699-2702, a person can adopt and bind himself by any name:* 4 McC., 487; 5 Rich., 326; 10 Rich., 31; 30 S. C., 526; 24 Ency., 2 ed., 110, note 6; 146 Mass., 610; 101 Pa. St., 296; 107 Ill., 304.

February 20, 1906.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an action in claim and delivery of a mule, and resulted in a judgment in favor of the plaintiff for recovery of the mule, or $100, the value thereof, in case a delivery could not be had, and $11 damages.   It appears that in February, 1903, an individual whose surname was McKenzie, residing in Richland County, as a tenant on the lands of plaintiff, executed to the plaintiff Brayton a chattel mortgage of the mule in question, signing his name thereto as R. C. McKenzie, which mortgage was duly recorded in the office of the clerk of the Court for said county. This same individual subsequently on the 13th day of June, 1903, executed a chattel mortgage on the same mule to the defendant Beall, signing his name thereto as W. A. McKenzie, which mortgage was duly recorded in the same office. The defendant took this mortgage, after examining the records and ascertaining that no mortgage had been executed on the mule in question by W. A. McKenzie.

The evidence in behalf of plaintiff was to the effect that McKenzie was known as R. C. McKenzie, that he rented lands of plaintiff as such, that he had previously executed mortgages and signed notes with that name, that he had

bought the mule in question originally from Gregory-Rhea Mule Co. and had executed to that firm a mortgage thereon in the name of R. C. McKenzie.

The evidence in behalf of the defendant was to the effect that he was called "Alex." when a boy, as testified to by his brother, that in 1897 he executed a bill of sale signing his name as W. A. McKenzie, and that since the transaction in question he has bought goods and executed papers as W. A. McKenzie.

The Court instructed the jury: "If he was known in the community as well by the name of R. C. McKenzie as by the name of W. A. McKenzie, both, if he was known by both names and was one and the same person, and made a mortgage of the property in dispute to Brayton and also to Beall, then Brayton's mortgage would be just as good as if he had made it in the name of W. A. McKenzie." The appellant excepts to this charge as error and contends that the Court should have charged as follows: "(a) That the name of an individual consists presumptively of one Christian or given name, and one surname or family name; and that when an individual receives a name in baptism or otherwise, in this State, it becomes and remains for all intents and purposes said individual's lawful name for all time, unless upon a desire to change it, said individual resorts to the mode prescribed in section 2699, vol. 1, of the Code of Laws of South Carolina, 1902. (b) That an individual can have but one lawful name at one and the said time, and that if the jury should find, in this instance, that the mortgagor had at the time of the execution of the mortgage to the plaintiff Brayton changed his name from that given him in infancy, then in order for said mortgage to have priority of lien over that given to the defendant Beall it must be proven that the said defendant had actual or constructive knowledge of the change thereof."

Appellant assumes that the original and true name of the mortgagor is W. A. McKenzie, and thereupon argues that he could not acquire the name of R. C. McKenzie except by

the method indicated in the statute.  But there is quite as much ground in the testimony for concluding that the true name is R. C. McKenzie.  Moreover, the statutes, sections 2699, *et seq.,* which provide a mode of changing the name, do not abrogate but are in affirmance and aid of the common law rule.  *Laflin & Rand Powder Co.* v. *Steytler,* 146 Pa., 434, 14 L. R. A., 690.  When a name is changed under the method prescribed by statute, the time of the change is fixed with certainty, and thereafter the person so changing his name may be sued, plead and be impleaded by his new name and no other.  This, however, does not otherwise affect the common law right of a person to change his name.  At common law a man may lawfully change his name, or by general usage or habit acquire another name than that originally borne by him, without the intervention of Court or Legislature.  *City Council* v. *King,* 4 McCord, 487; *Miller* v. *George,* 30 S. C., 528, 9 S. E., 659; 21 Ency. Law, 311.

The finding of the jury under the charge above given shows conclusively that the mortgagor, McKenzie, was as well known in the community by the name of R. C. McKenzie as by the name of W. A. McKenzie.  The real question of law then is, whether under such circumstances the record of Brayton's mortgage given by R. C. McKenzie was constructive notice to Beall when he took a subsequent mortgage from the same individual on the same property under another name by which he was known in the community, to wit: W. A. McKenzie. The rule as to constructive notice is thus stated in *Black* v. *Childs,* 14 S. C., 312, 321: "If there are circumstances sufficient to put a party upon the inquiry, he is held to have notice of everything which that inquiry, properly conducted, would certainly disclose; but constructive notice goes no further.  It stands upon the principle that the party is bound to the exercise of due diligence, and is assumed to have the knowledge to which that diligence would lead him; but he is not held to have notice of matter which lies beyond the range of that inquiry, and which that diligence might not disclose.

'There must appear to be, in the nature of the case, such a connection between the facts disclosed and the further facts to be discovered, that the former could justly be viewed as furnishing a clue to the latter.' " Since it appeared that the mortgagor was known in the community as well by the name of R. C. McKenzie as by the name of W. A. McKenzie, it is manifest that by the exercise of ordinary diligence in ascertaining the name of the party with whom he was dealing, Beall could certainly have ascertained that his mortgagor was known also by the name of R. C. McKenzie, and so a record in the name of R. C. McKenzie must under such circumstances give notice that it refers to an individual known also as W. A. McKenzie.

In the case of *Fallon* v. *Kehoe,* 38 Cal., 44, 99 Am. Dec., 347, a lot was granted to an individual in the name of Darby O'Fallon, a nickname by which he was generally or often called and known, although his real name was Jeremiah Fallon. By his true name Jeremiah Fallon conveyed to the plaintiff and the deed was duly recorded. Subsequently Fallon executed a deed to the premises in the name of Darby O'Fallon to Teal, who conveyed to Divine, who conveyed to defendant, Kehoe, a purchaser for valuable consideration and without notice. Under these facts the Court held that the record of the conveyance by Jeremiah Fallon was constructive notice to a subsequent purchaser, although she took deed in good faith, tracing her title to the name on record by which it was acquired, without notice from the record or otherwise that Darby O'Fallon and Jeremiah Fallon were names of the same person.

In the case of *Alexander* v. *Graves,* 25 Neb., 453, 13 Am. St. Rep., 501, the Court held that where a person executes and delivers a chattel mortgage under a fictitious name to a mortgagee who did not know that the name was fictitious, the mortgagee may recover the property from another person to whom the mortgagor sold it under his true name after the mortgage was duly recorded. This last mentioned case is criticized in *Mackey* v. *Cole,* 79 Wis., 426, 24 Am. St.

Rep., 728, which upon a similar state of facts held the contrary view, on the ground that a mortgage is not effect- ually recorded where the instrument is executed under a fictitious or false name.

We may assent to this view of the Wisconsin Court and be unwilling to go so far as the Nebraska Court and yet be safe in holding, consistently with both cases, that the record of a chattel mortgage, executed by the real owner under a name by which he is known and recognized in the community, is constructive notice to a subsequent mortgagee, who takes a mortgage from the same person on the same property under another name by which the owner is also known and recognized in the community.

This conclusion renders it proper to overrule also the third exception.

The remaining question is whether the Court committed reversible error in charging the jury that punitive damages were recoverable in this case. The case of *Title* v. *Kennedy,* 71 S. C., 1, was decided after the trial of this case and holds that punitive damages are not recoverable in an action in claim and delivery. In that case, however, the defendant had sought to strike out the allegations as to punitive damages, and the verdict expressly found punitive damages. In the present case the defendant not only made no effort to strike such allegations from the complaint, but actually set up a claim for punitive damages against the plaintiff, under secs. 283 and 299 of Code of Procedure, for the wilful and malicious taking and withholding of the said property from defendant. The charge, therefore, while technically erroneous, was a charge made in favorable response to an issue raised by the defendant as well as plaintiff in the pleadings, and appellant is not in a position to claim that such a charge is prejudicial or reversible error. Moreover, the verdict was for only eleven dollars damages, and the undisputed evidence was to the effect that plaintiff, besides being deprived of the possession and use of the mule for six days after demand, had expended

nine or ten dollars for the issuance of the papers in the case and for the care of the mule before delivery to him. It is therefore extremely improbable that any punitive damages were awarded against defendant.

The judgment of the Circuit Court is affirmed.