### In re KAYALOFF.
### No. 234323.

District Court, S. D. New York.
Dec. 11, 1934.

Patrick McHugh, for respondent.

KNOX, District Judge.

Petitioner, a married woman, seeks naturalization. She wishes her certificate to be issued in her maiden name, to wit, Anna Kayaloff. There is no objection to her admission to citizenship. The only question is as to whether the court should sanction the desire of petitioner to be naturalized under the name given her at birth. The reason for the request is that petitioner is a musician, and is known professionally by her maiden name. She fears that possibly she will suffer financial loss should her naturalization certificate show her surname to be that of her husband. Also, a discrepancy between her musical union card and her naturalization certificate would thus come into existence.

After consideration, I feel that, if plaintiff is to receive naturalization, her certificate should indicate the surname of her husband as belonging also to petitioner. The union card should conform to the naturalization certificate rather than that the latter should yield to the union card. Furthermore, as all are well aware, many professional women of note and standing, and who are married, are known in private life by the surname of their respective husbands. In the artistic circles in which such women move, they are known by their stage or professional names. It is my judgment that none of them has been damaged professionally by the fact that, upon marriage, she took the surname of her husband. I am not convinced that any loss will accrue to petitioner if she be denied a certificate in her maiden name.

Under the law of New York, as pronounced in Chapman v. Phoenix National Bank, 85 N. Y. 437, a woman, at her marriage, takes the surname of her husband. "That," it was there said, "becomes her legal name, and she ceases to be known by her maiden name. By that name she must sue and be sued, make and take grants and execute all legal documents. Her maiden surname is absolutely lost, and she ceases to be known thereby."

This decision has been recently approved in Baumann v. Baumann, 250 N. Y. 382, 165 N. E. 819. The doctrine, in my opinion, is sound policy, and should be upheld. For such reason, I shall not approve the present request of petitioner. If she wishes naturalization, the certificate must issue in the surname of her husband.