STATE OF NEW JERSEY, DEFENDANT IN CERTIORARI, v. DEWEY LIBRIZZI, PROSECUTOR IN CERTIORARI.

Submitted October 16, 1936—Decided December 10, 1936.

Before Brogan, Chief Justice, and Justices Case and Perskie.

For the state, *David T. Wilentz,* attorney-general, and *Harry A. Walsh,* assistant attorney-general.

For the prosecutor, *Abraham I. Harkavy* (*Barney Koplin,* on the brief).

The opinion of the court was delivered by

Perskie, J. The writ of *certiorari* in this cause brings up for review the proceedings in the Union County Court of Special Sessions (no judgment of conviction in that court is contained in the state of case) affirming the prosecutor's conviction in the Recorder's Court of Hillside, New Jersey, for having given a fictitious name in his applicaton of February 23d, 1934, for the owner's registration of a motor vehicle contrary to subdivision 14 of section 14, chapter 208, *Pamph. L.* 1921, *pp.* 643, 647 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1994, § 135-63 (14), as amended by chapter 152, *Pamph. L.* 1926, *pp.* 254, 257 (*Cum. Supp. Comp. Stat.* 1925-1930, § 135-63 (14), which provides as follows:

"(14). Any person or persons making any misstatement of facts in his or her application for registration of a motor vehicle or driver's license, or give a fictitious address shall be subject to a fine * * * and the Commissioner of Motor Vehicles shall, upon proper evidence of such misstatement, or fictitious address, revoke the registration of the motor vehicle, or the driver's license, as the case may be. It shall be the duty of the registered owner of every motor vehicle and of every licensed operator to notify the Commissioner of Motor Vehicles of any change in his or her place of residence, within one week after such change is made."

It is undisputed that the prosecutor's real name is Dewey Librizzi. That on February 23d, 1934, while his name was on the revoked list, he made application for an owner's registration of a motor vehicle and one month later, March 23d, 1934, he made application for an initial driver's license under the name of "Dewey LaRose;" that in said application he gave his address as 159 Fleming avenue, Newark, New Jersey, and not his home address; that he said nothing in the latter applications to indicate that "Dewey LaRose" and Dewey Librizzi was one and the same person; and that in answer to the question on the driver's application, "did you ever have your license revoked or suspended?" he answered, "no."

Prosecutor's explanation, in substance, is that he was convicted of crime, the number of convictions he did not remember but admitted that it was more than one; that his last conviction was in 1928; that he found his record injurious to his business (which at the time of hearing was the garage business) so that in 1932, on advice of counsel, he assumed the name of "Dewey LaRose." The proof is plenary that he openly traded under that name; his lease, his agreements with the Standard Oil Company, and others, his banking account, were all under that name. He openly held himself out and was thus known in his business, private and social life as "Dewey LaRose." On that explanation the argument is made that prosecutor merely did that which he had a right to do.

Thus we approach the question of the right of a person to take or assume another name. The law applicable is clear. In the absence of a statute or judicial adjudication to the contrary there is nothing in the common law which prohibits a person from taking or assuming another name so long as it is not taken or assumed for fraudulent purposes. 45 *C. J.* 376, 377; 9 *R. C. L.* 1132. *Cf. In re Witsenhausen et al.,* 42 *N. J. L. J.* 183. Nor is our statute authorizing persons to change their names (3 *Comp. Stat.* 1910, *p.* 3685) to the contrary; that merely provides a judicial process to effect a desired change of name.

It requires no extended discussion to demonstrate the need and wisdom of providing a state agency for the issuance of

licenses to owners and drivers of motor vehicles and for the preservation of the records incident thereto. The many reasons are obvious. Suffice it to mark the fact that the issuance of such licenses is not a mere matter of form. Only those who qualify under the act are entitled thereto. The issuing power has a clear right to truthful answers to the questions which form the basis upon which the granting or the refusal of license may be determined. Thus the legislature has made the misstatement of any fact by an applicant, in his application for a motor vehicle owner's or driver's license punishable and also authorizes the motor vehicle commissioner to revoke any license for any such misstatement. If the prosecutor here had not desired to impose a fraud on the commissioner he would have answered truthfully that his driver's license had been revoked and that "LaRose" and "Librizzi" were one and the same person. The reason for his not having done so is obviously fraudulent. The proofs fully support the result reached.

We have examined the other points raised and find them to be without merit.

The writ is dismissed, with costs.