JOSEPHINE McGARVEY (SOMETIMES KNOWN AS JOAN IDA ROGERS), PLAINTIFF-APPELLEE, v. ATLANTIC CITY AND SHORE RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 26, 1939—Decided September 22, 1939.

For the plaintiff-appellee, *Louis B. LeDuc* and *Samuel Morris.*

For the defendant-appellant, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

WOLFSKEIL, J.    Plaintiff was seriously injured when caught between two trolley cars of the defendant corporation operating on parallel tracks on Atlantic avenue in Atlantic City, and recovered judgment for consequent damages. Defendant appeals.

The accident occurred at the intersection of Atlantic and Connecticut avenues. Plaintiff was on the south side of Atlantic avenue and proceeded across the street. There is evidence that the traffic light was green when she started, though this is disputed by defendant's testimony. A west-bound car was at or near the intersection and an east-bound car was about one block distant. Directly after plaintiff started the light changed from green to red. The near car was in the line of her direct crossing. On the platform of that car was an employe of the defendant not at the moment engaged in work but who happened to be riding on the car. He motioned plaintiff to pass in front of the car but instead she turned and walked toward the rear. Meanwhile the other car was approaching the intersection.

There was evidence that the motorman of this car did not see plaintiff, though other persons in the car did, nor did he sound his gong to give warning of approach until after plaintiff had been passed. The east-bound car reached the car near the intersection just about as the latter had started to move and plaintiff was struck by one or both of the cars as they paralleled each other.

Defendant presented twenty grounds of appeal. Four were not urged in the brief, and are therefore regarded as abandoned. Other points concerned themselves with failure to strike the complaint because of a change in name of plaintiff, refusal to charge as requested, and alleged error in the charge.

Plaintiff commenced the suit as Joan Ida Rogers. Prior to actual trial, application was made by her to have the suit proceed under the name Josephine McGarvey, and contemporaneously defendant sought to have the summons quashed and the complaint struck because of misnomer. Error is assigned to the trial court's permission for amendment in plaintiff's name, it being urged that this constituted fraud and misrepresentation upon defendant.

It is well settled that where a change in name might be tantamount to initiation of a new or different suit after the statutory time limit had elapsed, or when such change inures to a fraudulent or unjust result, it will not be allowed. *Macknowski* v. *Hudson and Manhattan*, 121 *N. J. L.* 126; *Doran*

v. *Thomsen,* 79 *Id.* 99. No such outcome is caused in this case by the permitted change. There is no alteration in identity, no enlargement of an existing suit and no introduction of any new suit beyond the statutory period within which suit could be brought. There is evidence that plaintiff was known to defendant or its counsel by the second name, so that no element of surprise or harm to defendant intervened through its use. The common law does not prohibit the assumption of any name, unless for a fraudulent purpose, or unless inhibited by a statute or judicial adjudication. *State* v. *Librizzi,* 14 *N. J. Mis. R.* 904. Defendant in this instance failed to present any factors that derogated from plaintiff's privilege to make use of the name allowed by the amendment.

With the exception of the wording of part of the charge, the rest of defendant's arguments can be considered in a group, for there is a substantial analogy in the essential subject matter. Defendant contends that plaintiff was not entitled to be warned of the approach of the east-bound trolley because she had seen it, that in refraining from acceding to the suggestion of defendant's employe to pass in front of the car and in proceeding instead to the rear, she assumed the risk of her position, that the motorman of the east-bound car was not negligent in passing plaintiff, and also that the accident occurred outside the *situs* fixed by plaintiff's complaint, so that the proofs were beyond the pleadings. Submission of these points was in the form of requests to charge and for a directed verdict.

Upon examination, no basis is to be found for reversal on these grounds. While the testimony is in dispute as to just where plaintiff was when she started to cross, and at just what spot she was injured, the allegation in the complaint is sufficiently broad to supply consonance with the proofs. The trial court properly indicated to the jury the provisions of the Traffic act which were pertinent, and the charge was adequate as to the subject-matters in controversy. The requests to charge that are relied upon in the appeal were couched in such manner as to have the effect of taking from the jury the determination of negligence alleged against defendant and contributory negligence sought to be attributed to plaintiff,

both of which were clearly within the province of the jury under the circumstances adduced. *Rizzolo* v. *Public Service*, 111 *N. J. L.* 107; *Casey* v. *Atlantic City Railroad Co.*, 100 *Id.* 376. The case was tried twice. The record shows meticulous exercise of care in avoidance of error and that defendant was accorded full opportunity to meet plaintiff's averments.

Defendant's final insistment is that the trial court erred in the language of the charge to the jury, through use of the word "materially" in discussing and defining contributory negligence, thereby, it is urged, importing into the charge the defect of classifying contributory negligence by degrees. Defendant maintains that this alleged fault is not cured by other parts of the charge which enlarge upon and accurately analyze the legal conception of contributory negligence as it needs to be applied to the testimony in this case. Contributory negligence does not subject itself to division into comparative degrees when considered as a bar to recovery, since it is to be viewed as an entity in this respect, regardless of the extent of the contributory negligence. *New Jersey Express Co.* v. *Nichols*, 33 *N. J. L.* 434, 439. When irreconcilable tenets are embraced in the same charge, without explanation or without resolution into some unity, it is not the function of a jury to ascertain for itself which is the correct and governing statement of the law. *Brown* v. *Public Service Railway Co.*, 98 *Id.* 747; *Collins* v. *Central Railway Company of New Jersey*, 90 *Id.* 593. But no such defects appear in the charge to the jury in this case. The phraseology in the charge, even through tenuous or labored construction, does not have the effect of subdividing contributory negligence into lesser or greater kinds, nor does it hold out any invitation for a jury to discriminate between gradations of contributory negligence as a barrier to a successful suit by plaintiff. It is essential when reviewing a charge to consider it as an entirety. Thus examined, the doctrine of contributory negligence, as it pertained and could be made legally applicable to the circumstances in this issue, was set forth correctly and comprehensively.

The appeal is therefore dismissed, and the judgment is affirmed.

For affirmance—THE CHANCELLOR, CHIEF JUSTICE, PAR-KER, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.

For reversal—PERSKIE, J.   1.