12 N.J. Super. 350 (1951)
79 A.2d 497
LEONORE ADA BELL BRUGUIER, PLAINTIFF,
v.
CHARLES ROY BRUGUIER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 19, 1951.
*352 Mr. Edward Farry, Jr., attorney for plaintiff.
Mr. Harry Wolf, attorney for defendant.
McLEAN, J.S.C.
This matter is before me on the plaintiff's motion on order to show cause why the weekly allowance heretofore made on the 6th day of August, 1948, "should not be increased to a sum commensurate with the expenditures necessary for the care, support and maintenance of the two minor children of the marriage," and defendant's motion to require the infant daughter, Yvonne Lenore Bruguier, to desist from using and assuming the name of Yvonne Williams, and for the further order making it possible for defendant to have visitation of his two infant children pursuant to the terms of the decree nisi heretofore entered in this cause.
Plaintiff's order to show case was returnable on September 22, 1950 and has been continued from time to time pending negotiations between the parties. Defendant's motion was dated February 6, 1951, returnable March 2, 1951, and came before me for argument March 9, 1951.
Meanwhile, pending these proceedings, the plaintiff on October 15, 1950 remarried and removed from Keyport with her two children to Carmel, New York, and defendant remarried December 31, 1950 and since that date has resided at 21 A Pioneer Homes, Elizabeth, New Jersey.
*353 When the parties remarried, the situation so changed on both sides that the whole proceeding should have been discontinued, and they could now with propriety be summarily dismissed. However, inasmuch as the dismissal would result in only a renewal of the applications, in the interest of expedition it will be entertained and disposed of on the merits in the light of the changed circumstances as disclosed by the supplemental affidavits.
The decree nisi dated August 6, 1948, provided that the defendant pay the plaintiff the sum of $20 per week at the beginning of each week from and after the date of the order as and for the support and maintenance of herself and the infant children of the marriage in her custody. So much of the allowance so ordered to be paid for the benefit of the plaintiff terminated ipso facto with her remarriage. The obligation of the defendant to support his children continues and the allowance may be adjusted retroactively to the date of plaintiff's remarriage. Roth v. Roth, 10 N.J. Super. 406.
The amount to be fixed will depend upon the needs of the two children and the ability of the father to provide for them under circumstances now existing. The only evidence before me as to the needs of the children is contained in the affidavit of the plaintiff dated August 14, 1950, which was prior to her remarriage. The facts therein set out are not pertinent at this time, inasmuch as it is conceded that by reason of her remarriage plaintiff's situation has materially improved, and with the generosity of her husband she is able to provide adequately for her children in her present home. The defendant by his remarriage has undertaken to contribute to the support of the three children of his present wife by a former marriage. His present wife is gainfully employed. Defendant's income is $80 per week; his take home pay being about $140 every pay day. Remarriage of the party and the obligations assumed are facts which the court may now take into consideration in fixing alimony. Padwee v. Padwee, 7 N.J. Super. 101. Parents are equally responsible for the support and maintenance of their children. Defendant does not complain about continuing to make the payment of $20 per week for the support *354 of his children. There is no substantial change in the situation, except as to the benefits the children may receive from their mother's fortunate marriage. There would seem to be no need for an increase in the allowance, but neither should this be a reason for reducing the father's responsibility, which continues. Bonanno v. Bonanno, 4 N.J. 268 at page 274. An order will be made providing for the discontinuance of any allowance to the plaintiff, but the payment of $20 per week to continue for the benefit of the children from the date of plaintiff's marriage and until the further order of the court.
As to visitation, the obligation to support and the right of visitation are in no way connected. Here, the welfare of the children seems to have been best served in the custody of their mother, and will continue, notwithstanding the removal to Carmel, New York; in fact, the change would seem greatly to their benefit. The mother explains the reasons for the removal as follows:
"My present husband, Rex Williams, and I have both been previously married and as a result of our present marriage we both were starting lives anew and as a result established our residence in Carmel, New York, where we were both total strangers, with the primary view of both sides establishing a new life. The daughter, Yvonne, is a sensitive child and it was her own suggestion that rather than face complications and explanations she voluntarily and on her own accord, upon our moving to Carmel, assumed the surname of Williams. Previous to moving from Keyport, New Jersey to Carmel, New York, the daughter, Yvonne, applied for her own transfer from Keyport High School to Carmel High School and on her own volition at the time she requested the transfer from the Keyport High School she requested that the surname Williams be inserted in her record. I wish to state definitely that I had nothing to do with this procedure and when informed by her as to what she had done, I inquired the reason why and she gave me the reason heretofore stated." The reasons stated by plaintiff are adequate to justify her removal to Carmel, New York. She is willing that their father should visit the children there; the place is not so far distant and is easy of access *355 to the defendant, considering his ownership of automobile transportation. His right of reasonable visitation will be continued at the home of the mother in Carmel, New York.
As to defendants's motion that his daughter desist from using and assuming the name Yvonne Williams, the motion must be denied. There is nothing in the common law prohibiting one from taking another name, if he so desires. In the absence of a statute to the contrary a person may ordinarily change his name at will without any legal proceedings simply by adopting another name. 38 Am. Jur., page 610. The ordinary rules of minority do not limit the right. Our statute provides a means for a judicial process to effect a desired change to provide a permanent record and, of course, a minor desiring to take advantage of that statute must appear by guardian or next friend. There are statutes calculated to protect the public against fraud and the use of an alias by criminals but they do not apply in this instance. In re Witsenhausen, 42 N.J.L.J. 183; State v. Librizzi, 188 Atl. 511.
The motion will be dismissed.