46 N.J. Super. 284 (1957)
134 A.2d 598
PHYLLIS SOBEL, PLAINTIFF,
v.
PHILIP SOBEL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 10, 1957.
*285 Mr. Victor Ruskin for the plaintiff.
Mr. Edward F. Zampella for the defendant.
FREUND, J.S.C.
The defendant, Philip Sobel, has applied for an order to restrain the plaintiff, Phyllis Sobel, now Hoberman, from enrolling the infant children of their marriage in a school under any name other than his surname, Sobel. The plaintiff has also applied for an order to increase the allowances heretofore provided by order for the support of their children.
*286 As the result of divorce proceedings instituted by the plaintiff against the defendant, judgment nisi was entered on February 27, 1954, which provided, inter alia, that the custody of their children Daniel, born April 21, 1950, and Leonard, born August 8, 1951, was awarded to their mother, the plaintiff. The judgment also required the defendant to pay to the plaintiff $20 weekly for the support and maintenance of the two children, with the right of visitation to the defendant.
The plaintiff, in October 1954, was remarried to Robert Hoberman. The defendant now states that the plaintiff has enrolled their two children in a public school under the surname of Hoberman, the name of her present husband, without his knowledge and consent. When he learned of the name under which his sons were enrolled, the defendant requested the school authorities to change their surname to Sobel, but by letter they refused.
The plaintiff resists her former husband's application on the grounds that he ignores the responsibility of his children, fails to provide adequate support while he operates a successful business, and is indifferent in complying with the order of visitation.
The defendant by affidavit states that he has complied with the order for support and is not in arreas, and concedes that on one occasion he was delayed because of traffic conditions in returning the two boys to the plaintiff, as required by the order of visitation, although he telephoned the plaintiff of his delay.
It is generally recognized that a person by common law may change his name so long as the assumed name is not for fraudulent purposes. State v. Librizzi, 14 N.J. Misc. 904 (Sup. Ct. 1936). Cf. Bruguier v. Bruguier, 12 N.J. Super. 350 (Ch. Div. 1951). N.J.S. 2A:52 et seq. provides statutory authority whereby another name may be assumed. Here the question is whether or not a parent who has been awarded custody of a minor child, opposed by the other spouse, may change the surname or family name of a child? The court in dealing with the custody of *287 a child has broad discretion, being always aware that the welfare and happiness of the child is the controlling consideration. There may be occasions where it would be desirable to make an informal change in the name of a child to the surname of the mother's second husband, as when the child's father indulges in improper conduct, fails to support, abandons the child, is indifferent to its welfare, and fails to make a timely objection to the change of name. However, when the father contributes to the support of the child, expresses an abiding interest in the child, and acts promptly in objecting to the change of name, the court must consider all the factors that would be for the welfare of the child. In Kay v. Bell, 95 Ohio App. 520, 121 N.E.2d 206 (Ct. App. 1953), where the facts were similar, the court ordered the child to be enrolled in school under the surname of his father.
The surname of Sobel is a family name, and when Daniel and Leonard were born they were born into the family name in common with other members of the Sobel family. The legal name of a child born in lawful wedlock is the child's Christian name and the surname of his natural father and, where the mother has been awarded custody, there is no authority for her to change the surname of the child to that of the mother's subsequent husband, unless there are extenuating circumstances. Here, the father is not in default in contributing to the support of his sons nor is he charged with improper conduct, nor are there other circumstances that would move the court to deny him the right to expect his kin to bear his name. Presently, the plaintiff will be restrained from enrolling their two sons in school under any name, except the surname of Sobel.
The defendant states by affidavit that the weekly payments are current, which is not denied, although the plaintiff asserts that the $20 each week is insufficient to adequately provide for Daniel and Leonard. Should the plaintiff desire to pursue the matter further, application may be made to take testimony as to the defendant's financial *288 ability under present circumstances and the needs of the two boys. However, the custody order made no provision for medical and dental care, which is not resisted by the defendant, so an order may be submitted that the defendant shall provide medical and dental care for his two sons, in addition to the weekly payment ordered to be paid.
Accordingly, an order will be submitted by consent or on notice.