133 N.J. Super. 403 (1975)
337 A.2d 46
ARAX EGNER, PLAINTIFF-APPELLANT,
v.
GEORGE EGNER, DEFENDANT-RESPONDENT. BARBARA GLORIA WALLS, PLAINTIFF-APPELLANT,
v.
JAMES WALLS, DEFENDANT-RESPONDENT. LOIS A. COON, PLAINTIFF-APPELLANT,
v.
HOWARD M. COON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1975.
Decided April 2, 1975.
*404 Ms. Nadine Taub argued the cause for the appellant Arax Egner.
Ms. Phyllis G. Warren and Ms. Linda Rosenzweig argued the cause for appellant Barbara Walls (Camden Regional Legal Services, Inc., on the brief).
Mr. Edward S. Snyder argued the cause for the appellant Lois Coon (Ms. Anne W. Elwell on the brief).
Before Judges LYNCH, ALLCORN and FURMAN.
FURMAN, J.S.C., Temporarily Assigned.
Plaintiffs were granted uncontested divorces but denied leave to resume their maiden names, although without opposition from their husbands. All are mothers of a minor child or children. Three judges in three counties reached this result, relying on the dictum, without citation of authority, in W. v. H., 103 N.J. Super. 24 (Ch. Div. 1968), that "it is against the *405 policy of the court to grant permission to resume a maiden name where unemancipated children who bear a different name are involved" and on a pronouncement, also without citation of authority, in 12 N.J. Practice (Herr-Lodge, Marriage, Divorce & Separation), § 2511 at 620 (1963), that "If there are infant children of the marriage in the wife's custody, her application for leave to resume her former name will not ordinarily be granted unless good reasons should appear." The three appeals were consolidated.
The trial judge in the Egner case expressed concern for future harassment of the minor children, who would continue to bear their father's surname. The trial judge in the Walls case was apprehensive of detriment to the minor child because her name would be different from her mother's. No evidence admitted at the Egner or Walls trial supported these conclusions. The trial judge in the Coon case pointed out that if plaintiff wished to change her name legally, she might make application to the County Court in a statutory change of name proceeding (N.J.S.A. 2A:52-1 et seq.), and barring a fraudulent purpose, be entitled to such name change.
We do not so construe N.J.S.A. 2A:34-21 or the scope of discretion vested by it in the trial judge. N.J.S.A. 2A:34-21 provides:
The court, upon or after granting a divorce from the bonds of matrimony to either spouse, may allow the wife to resume any name used by her before the marriage, and may also order the wife to refrain from using the surname of the husband as her name.
That statute is in pari materia with N.J.S.A. 2A:52-1 et seq., and to be construed with it. Both are remedial enactments establishing methods of judicial recordation of changes of name. N.J.S.A. 2A:34-21 provides as an alternative to a separate proceeding under N.J.S.A. 2A:52-1 et seq., that a change of name may be sought by a wife in a divorce action and, if granted, be incorporated in the divorce judgment.
*406 N.J.S.A. 2A:52-1 et seq. and parallel legislation in other states have been construed consistently in the light of the common law and not in derogation of it. State v. Librizzi, 14 N.J. Misc. 904, 188 A. 511 (Sup. Ct. 1936); In re Joseph M., 91 N.J. Super. 296 (Cty. Ct. 1966); In re Witsenhausen, 42 N.J.L.J. 183 (C.P. 1919); Marshall v. State, 301 So.2d 477 (Fla. D. Ct. App. 1974); Petition of Hauptly, ___ Ind. ___, 312 N.E.2d 857 (Sup. Ct. 1974), rev'g ___ Ind. App. ___, 294 N.E.2d 833 (Ct. App. 1973); In re Marriage of Banks, 42 Cal. App.3d 631, 117 Cal. Rptr. 37 (D. Ct. App. 1974); Application of Halligan, 46 A.D.2d 170, 361 N.Y.S.2d 458 (App. Div. 1974), rev'g 76 Misc.2d 190, 350 N.Y.S.2d 63 (Sup. Ct. 1973); Kay v. Kay, 65 Ohio L. Abs. 472, 112 N.E. 2d 562 (C.P. 1953); Brayton v. Beall, 73 S.C. 308, 53 S.E. 641 (Sup. Ct. 1906).
At common law any adult or emancipated person was at liberty to adopt any name as his legal name except for fraudulent or criminal purpose, without resort to any court. McGarvey v. Atlantic City & S.R. Co., 123 N.J.L. 281, (E. & A. 1939); State v. Librizzi, supra; Sobel v. Sobel, 46 N.J. Super. 284 (Ch. Div. 1957); In re Witsenhausen, supra; Hauptly, supra; Stuart v. Board of Supervisors of Elections, 266 Md. 440, 295 A.2d 223 (Ct. App. 1972); Smith v. United States Cas. Co., 197 N.Y. 420, 90 N.E. 947 (Ct. App. 1910); Halligan, supra; Application of Shipley, 26 Misc.2d 204, 205 N.Y.S.2d 581 (Sup. Ct. 1960); Pierce v. Brushart, 153 Ohio St. 372, 92 N.E.2d 4 (Sup. Ct. 1950); Brayton v. Beall, supra. A third exception to this common law right has been alluded to, that the name itself to be adopted is obscene or otherwise offensive. In re Joseph M., supra 91 N.J. Super. at 298.
Under principles of statutory construction we are precluded from engrafting into N.J.S.A. 2A:34-21 another exception to a divorced wife's common law right to resume her maiden name, that is, concern for harassment or other detriment to a minor child or children. Nor do we perceive any significant problem affecting minor children's welfare. *407 Under many other circumstances such differences in surnames are recognized and even favored legislatively and judicially. Upon remarriage of a divorced woman, a statistical probability, her minor children continue to bear legally the father's surname. According to Sobel v. Sobel, 46 N.J. Super. 284 (Ch. Div. 1957), the father may restrain his divorced wife from using her second husband's surname as the children's surname in school. Change of name to the stepfather's surname under N.J.S.A. 2A:52-1 may be denied in the absence of consent by the father by birth who has contributed to the child's support and not otherwise abandoned the child. Marshall v. Marshall, 230 Miss. 719, 93 So.2d 822 (Sup. Ct. 1957); see Sobel, supra. Upon an annulment a woman resumes her maiden name or other previous name by force of law, irrespective of whether she has a minor child or children. Custody may be awarded to maternal grandparents or others with different surnames upon the death or incapacity of a mother, not to the divorced or estranged father. By administrative regulation (N.J.A.C. 8:2-1.1(b)) and judicial decision (In re Joseph M., supra) the right of the mother is recognized to change the name of her illegitimate child, who lives with her, to that of the consenting father. The right of parents to raise children as they choose, except for the bounds of the criminal law, is entrenched as a constitutionally protected liberty. Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1924). In re Goldfarb, 6 N.J. Super. 543 (Ch. Div. 1949). If the courts intervene a myriad of detriments and embarrassments to minor children may be conjectured.
In re Marriage of Banks, supra, reversed the denial of a change of name to plaintiff in a divorce action, commenting that it would be an empty gesture to deny her leave to resume her maiden name in the divorce action and then grant it in a change of name proceeding; that the scope of discretion is the same in the two proceedings and that any harmful effect on the three children was speculative. Other *408 precedents in accord with Banks are Rich v. Mayer, 7 N.Y.S. 69 (N.Y. City Ct. 1889); Fendall v. Goldsmid, 2 P.D. 263 (1877); 19 Halsbury's Laws of England, Husband & Wife (3 ed. 1957), § 1350 at 829; Turner-Samuels, The Law of Married Women (1957), at 357.
We conclude that the trial judges on these consolidated appeals abused their discretion under N.J.S.A. 2A:34-21 in refusing changes of name to plaintiffs in granting them divorces. Our conclusion is based upon statutory grounds. Hence we need not resolve the array of constitutional arguments pressed by plaintiffs: denial of freedom of speech, the expression of their independence and individual identity; denial of equal protection of the laws because all others than married women can change their legal names, absent fraudulent or criminal intent; denial of the right of privacy because they are forced to forego their life styles and the psychological benefits of resumed maiden names and to continue to bear the names of their divorced husbands.
Reversed and remanded for entry of judgments in accordance herewith.