133 N.J. Super. 408 (1975)
337 A.2d 49
IN THE MATTER OF THE APPLICATION OF BONNIE LEE DANIELS LAWRENCE, ALSO KNOWN AS BONNIE LEE DANIELS, FOR LEAVE TO ASSUME THE NAME BONNIE LEE DANIELS.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1975.
Decided April 2, 1975.
*410 Before Judges LYNCH, ALLCORN and FURMAN.
Mr. Adam Lawrence argued the cause for the appellant (Mr. Adam Lawrence, Ms. Bonnie Lee Daniels on the brief).
Messrs. Fuerst & Singer, attorneys for Virginia Discala Kasakoff, Amicus Curiae (Mr. William S. Singer, on the brief).
Ms. Nadine Taub, attorney for American Civil Liberties Union of New Jersey and Women's Rights Litigation Clinic of Rutgers Law School, amici curiae.
FURMAN, J.S.C., Temporarily Assigned.
Plaintiff appeals from the denial of her application for a change of name under N.J.S.A. 2A:52-1 from her married to her maiden name. She has been married more than five years. Her husband has consented to her name change. She completed her senior year at law school a few months after the institution of this proceeding. In her complaint she cites as reasons for a resumption of her maiden name that she wishes an identity separate from her husband and regards a change of name as having important professional as well as social implications for her. The couple is childless but of child-bearing age.
The trial judge, in an opinion published in 128 N.J. Super. 312 (Law Div. 1974), concluded:
This court has great concern for the stability of the family and the marriage relationship * * *. The situation which would be created by the granting of plaintiff's application, viz., plaintiff and her husband each continuing to use the surnames with which they were born, would cause great confusion in the community in which they live and could well have a traumatic effect upon any children they *411 might have. This is especially true in the light of plaintiff's use of her husband's surname subsequent to her marriage. The problem would also arise of what surname to give the children of their marriage and the confusion and bureaucratic nightmares the process of selecting a surname would create.
N.J.S.A. 2A:52-1 is remedial legislation establishing a method of judicial recordation of changes of name. It has been construed consistently in the light of and not in derogation of the common law, which it does not supersede. State v. Librizzi, 14 N.J. Misc. 904, 188 A. 511 (Sup. Ct. 1936); In re Joseph M., 91 N.J. Super. 296 (Cty. Ct. 1966); In re Witsenhausen, 42 N.J.L.J. 183 (C.P. 1919).
Other states have similarly construed their change of name statutes. Marshall v. State, 301 So.2d 477 (Fla. D. Ct. App. 1974); Petition of Hauptly, Ind., 312 N.E.2d 857 (Sup. Ct. 1974), rev'g Ind. App., 294 N.E.2d 833 (D. Ct. App. 1973); In re Marriage of Banks, 42 Cal. App.3d 631, 117 Cal. Rptr. 37 (D. Ct. App. 1974); Application of Halligan, 46 A.D.2d 170, 361 N.Y.S.2d 458 (App. Div. 1974), rev'g 76 Misc.2d 190, 350 N.Y.S.2d 63 (Sup. Ct. 1973); Kay v. Kay, 65 Ohio Law Abst. 472, 112 N.E.2d 562 (C.P. 1953); Brayton v. Beall, 73 S.C. 308, 53 S.E. 641 (Sup. Ct. 1906).
At common law any adult or emancipated person was at liberty to adopt any name as his legal name except for fraudulent or criminal purpose, without resort to any court. McGarvey v. Atlantic City & S.R. Co., 123 N.J.L. 281 (E. & A. 1939); State v. Librizzi, supra; Sobel v. Sobel, 46 N.J. Super. 284 (Ch. Div. 1957); In re Witsenhausen, supra; Hauptly, supra; Stuart v. Board of Supervisors of Elections, 266 Md. 440, 295 A.2d 223 (Ct. App. 1972); Smith v. United States Cas. Co., 197 N.Y. 420, 90 N.E. 947 (Ct. App. 1910); Halligan, supra; Application of Shipley, 26 Misc.2d 204, 205 N.Y.S.2d 581 (Sup. Ct. 1960); Pierce v. Brushart, 153 Ohio St. 372, 92 N.E.2d 4 (Sup. Ct. 1950); Brayton v. Beall, supra. A third exception to this common law right has been alluded to, that the name itself *412 to be adopted is obscene or otherwise offensive. In re Joseph M., supra, 91 N.J. Super. at 298.
Authorities in various common law jurisdictions have reached apparently conflicting conclusions whether a woman on marriage assumes her husband's surname by custom or by law. The authorities are nevertheless reconcilable. A woman may retain her maiden name by antenuptial agreement or by holding herself out consistently by that name after marriage. She is not compelled by law to assume her husband's surname as her legal name. Stuart, supra; State v. Green, 114 Ohio App. 497, 177 N.E.2d 616 (Ct. App. 1961); Rice v. State, 37 Tex. Cr. R. 36, 38 S.W. 801 (Ct. Crim. App. 1897); Halligan, supra; 19 Halsbury's Laws of England, Husband & Wife (3rd Ed. 1957), § 1350 at 829.
Otherwise, if the woman on marriage does not retain her maiden name, she legally adopts her husband's surname by repute, consistent with the common law right to adopt any name as her legal name without a court proceeding. Judicial opinions dealing with inadequacy of notice to a married woman in her maiden name are based generally on her assumption of her husband's surname as her legal name. Chapman v. Phoenix National Bank, 85 N.Y. 437 (Ct. App. 1881); Claxton v. Simons, 177 N.E.2d 511 (Ohio Ct. App. 1961), rev'd on other grounds, 174 Ohio St. 333, 189 N.E.2d 62 (Sup. Ct. 1963); Kidd v. Rasmus, 285 S.W.2d 415 (Tex. Ct. Civ. App. 1955); cf. Bacon v. Boston Elevated Ry. Co., 256 Mass. 30, 152 N.E. 35 (Sup. Jud. Ct. 1926).
In a number of other opinions married women who have assumed their husbands' surnames have been denied voting or motor vehicle registration or other governmental permit in their maiden names, in view of the overriding concern for accurate identification of registrants or permit holders. Forbush v. Wallace, 341 F. Supp. 217 (M.D. Ala. 1971), aff'd 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972); In re Kayaloff, 9 F. Supp. 176 (S.D.N.Y. 1934); People v. Lipsky, 327 Ill. App. 63, 63 N.E.2d 642 (D. App. Ct. *413 1945). A recent Connecticut opinion, however, recognizes the right of married women who never assumed their husband's surnames to register to vote in their maiden names. Custer v. Bonadies, 30 Conn. Super. 385, 318 A.2d 639 (Super. Ct. 1974).
The circumstance that an overwhelming majority of married women by custom and tradition assume their husband's surname on marriage accounts for the various statutes in this State dealing with the wife's marital name as her legal name. N.J.S.A. 2A:34-2; N.J.S.A. 2A:52-4; N.J.S.A. 19:31-13.
Succession of Kneipp, 172 La. 411, 134 So. 376 (Sup. Ct. 1931), decided under civil law, stands by itself in the United States in holding that a woman during marriage retains her maiden name as her legal name and uses her husband's surname only by custom. That decision was questioned in Wilty v. Jefferson Parish Democratic Executive Com., 245 La. 145, 157 So.2d 718 (Sup. Ct. 1963), and is without common law precedent in this State.
The right of a married woman having adopted her husband's surname to resume her maiden name, absent fraudulent or criminal purpose, has been recognized in change-of-name proceedings in other jurisdictions, without exception in the reported opinions. Marshall v. State, supra; Hauptly, supra; Halligan, supra; Kruzel v. Podell, Wis., 226 N.W.2d 458 (Sup. Ct. 1975).
Plaintiff adopted her husband's surname Lawrence during the approximate five years between the marriage and her application for a change of name. Thus, the issue on appeal is whether the trial judge abused his discretion in refusing her leave to resume her maiden name Daniels. Halligan, supra, and Hauptly, supra, concluded an abuse of judicial discretion in denying a married woman leave to resume her maiden name, without objection from her husband, once a determination of no fraudulent or criminal intent was reached. Halligan noted that confusion was no impediment, rather a normal concomitant of a name change. According *414 to Hauptly, speculation that resumption of plaintiff's maiden name might cause embarrassment to her minor child was no basis for denying her application.
The trial judge's concern here for possible harmful effect on children to be born is in conflict with the established constitutional right of parents to raise children as they choose, except for the bounds of the criminal law. Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1924); In re Goldfarb, 6 N.J. Super. 543 (Ch. Div. 1949). If the courts intervene a myriad of detriments and embarrassments to minor children may be conjectured.
We conclude that, in circumstances such as here where the husband consents to his wife's resumption of her maiden name, the denial of plaintiff's application was without warrant under N.J.S.A. 2A:52-1 or common law and thus an abuse of the trial judge's discretion. Hence we need not resolve the constitutional arguments pressed by plaintiff: denial of freedom of speech, the expression of her separate identity; denial of the right of privacy to manifest that separate identity; denial of equal protection of the laws to married women, a sex classification, when all others can change their legal names, absent fraudulent or criminal intent.
Reversed and remanded for entry of judgment in accordance herewith.