IN THE MATTER OF THE APPLICATION OF ROBERT JACKSON TO ASSUME THE NAME OF HAKIM ABU SHABAZZ.

Superior Court of New Jersey
Law Division Cumberland County

Decided January 21, 1981.

*Robert Jackson*, Plaintiff Pro Se.

*Solomon Forman*, First Assistant Prosecutor, for the State of New Jersey (*Richard J. Williams*, Atlantic County Prosecutor, atty.).

MILLER, J. S. C.

Robert Jackson, an inmate at the New Jersey State Prison, Leesburg, petitions this court for leave to change his name to Hakim Abu Shabazz. The petition is opposed by the prosecutor of Atlantic County on the ground that the use of such name would afford an opportunity for deception and, moreover, make it more difficult to obtain a criminal record from the State and Federal Bureau of Identification.

Petitioner appeared on the return day of the order to show cause and testified that he has embraced the religion of Islam and that his religion requires him to assume a name which is consistent with the tenets of that faith. He admitted to a criminal record, an obvious fact in view of his present incarceration. The court was, despite this record, impressed with his obvious sincerity and distress at the opposition to his application.

The State produced the testimony of a lieutenant in the State Police assigned to the State Bureau of Identification. From the testimony the court finds that a change of name would increase the difficulty of identification, but not to any appreciable degree, the principal positive proof being, of course, fingerprints.

Rule 4:72–1 requires that an applicant for a change of name must state if he has been convicted of or is accused of a crime and if so, to notify the Attorney General and prosecutor of the county of crime of such application. (That the rule serves its purpose is demonstrated by the response of the Prosecutor.) Rule 4:72–4 provides that in such event the clerk should mail a copy of the judgment to the State Bureau of Identification and the witness testified that the Bureau has, in fact, been receiving such judgments and making any appropriate notations.

The court finds that the presumptions advanced by the State, while not entirely without merit, are insufficient to overcome the general rule that a person may call himself by whatever name he desires except for fraudulent or criminal purposes, see *Egner v. Egner*, 133 *N.J.Super.* 403, 406 (App.Div.1975) and *In Re Lawrence*, 133 *N.J.Super.* 408, 411 (App.Div.19—) and cases therein cited. That petitioner adopted the course prescribed by the statute, *N.J.S.A.* and Rule 4:72 negates the criminal intent and justifies granting the application.

However, there is another and broader ground upon which this application must be granted. *N.J. Const.* (1947), Art. I, par. 3 provides:

No person shall be deprived of the inestimable privilege of worshipping Almighty God in a manner agreeable to the dictates of his own conscience...

and par. 4 of the same article states:

There shall be no establishment of one religious sect, in preference to another...

If the dictates of Islam require that a practitioner of that religion obtain a name attuned to it, for this court to deny such person his right because of its strangeness would be to prefer the Judeo-Christian ethic over the Islamic. This the court may not do without depriving petitioner of his constitutionally protected freedom of religion.

That this case is bottomed upon a religious premise makes it unnecessary for this court to explain away the maverick cases of *In re Witenhausen*, 42 *N.J.L.J.* 183 (Essex Common Pleas, 1919) where Witenhausen was permitted to call himself Wittman but

not Whitman on the bizarre theory that Whitman was an American name (whatever that means) but Wittman was not; *In re Kannofsky*, 42 *N.J.L.J.* 237 (N.Y. County Court, 1919) (same result; same spurious reasoning). Likewise, the reasonings of *Application of Green*, 54 Misc.2d 606, 283 *N.Y.S.* 242 (N.Y. Civil Court, 1967) and *Application of Wing*, 4 Misc.2d 840, 157 *N.Y.S.* 333 (N.Y. City Court, 1956) are simply out of the mainstream of enlightened thought. It is inconceivable that a court in this state would reach the same conclusion today and such cases belong in the archives of judicial artifacts, together with the Rule in *Shelley's* case, the *Dred Scott* case and "the baleful judgments of an Ellenborough and a Shaw".

Petitioner's application for a change of name is granted.