208 N.J. Super. 112 (1985)
504 A.2d 1238
IN THE MATTER OF THE APPLICATION OF ARUUDHATI PIRLAMARLA, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF CHETANA RADHIK PIRLAMARLA, AN INFANT AND ANITA KRISHNA PIRLAMARLA, AN INFANT, FOR LEAVE TO ASSUME THE NAME OF ARUNA PIRLAMARLA GUPTA, CHETANA PIRLAMARLA GUPTA AND ANITA PIRLAMARLA GUPTA, RESPECTIVELY, PLAINTIFFS.
Superior Court of New Jersey, Law Division Morris County.
Decided July 19, 1985.
*113 David Simon for plaintiffs.
MacKENZIE, J.S.C.
This change of name proceeding presents an intriguing question of first impression in New Jersey. The issue created by the complaint is whether United States citizenship is a legal prerequisite for judicial leave to assume a new name under N.J.S.A. 2A:52-1 et seq.
The adult petitioner, Aruudhati Pirlamarla, is a citizen of India who entered the United States on December 9, 1972 pursuant to the Immigration and Naturalization Act, 8 U.S.C.A. § 1153(a)(3). By virtue of her status as a "permanent resident alien" she is authorized to remain in the United States indefinitely. Her status also enables her to work in the United States. She is a physician who is licensed to practice medicine in New Jersey and in New York.
Dr. Pirlamarla and her husband, Ram Gupta,[1] own real property at 182 Konner Avenue in Montville, New Jersey where *114 they have resided since 1979 with their two daughters. Chetana is now eight years of age; Anita is three years old.[2] Through the adult petitioner[3] and with their father's consent, they also seek court approval to change their surname to Gupta.[4]
The adult and infant petitioners wish to be known as Gupta so that all family members will have the same last name. In addition, the adult petitioner has found that her present name is difficult for people in this country to spell and pronounce. Gupta is considerably shorter and easier to spell than Pirlamarla. Changing the surname to Gupta will eliminate the adult petitioner's difficulties and provide the common family identity the family seeks.
The common law permits an adult to change his or her name without leave of court simply by adopting a new name and utilizing it in the ordinary course of daily living. See McGarvey v. Atlantic City & Shore R.R. Co., 123 N.J.L. 281 *115 (E. & A. 1939); State v. Librizzi, 14 N.J. Misc. 904 (Sup.Ct. 1936); In re Witsenhausen, 42 N.J.L.J. 183 (C.P. 1919). Of course, this method would not obtain if the individual had a fraudulent or criminal purpose for assuming the new name. Id.
In addition to the common law method, two name change statutes have given rise to a formal judicial procedure. See N.J.S.A. 2A:52-1 et seq.; N.J.S.A. 2A:34-21.[5] The name change statutes have been construed as remedial in nature, thus supplementing the common law and not in derogation of it. Egner v. Egner, 133 N.J. Super. 403 (App.Div. 1975); In re Lawrence, 133 N.J. Super. 408 (App.Div. 1975). The statutory methods are preferable since they are speedy, definite and a matter of record.
The statute upon which the adult petitioner relies, N.J.S.A. 2A:52-1, provides in pertinent part that "[a]ny person may institute an action in Superior Court for authority to assume another name...." She asks this Court to construe "[a]ny person" to include a resident alien. This is a plausible construction. The Legislature's use of "any person" is facially broad enough to confer upon a noncitizen the statutory authorization to seek a name change. If the New Jersey Legislature had intended to limit the class of persons permitted to invoke this statute, it could and would have employed language which would clearly express that intent.[6] Similarly, the court rules under which this action is brought, R. 4:72-1 et seq., do not expressly limit eligible name change applicants to United States citizens. The court is of the opinion that neither the statute nor *116 the court rule requires an applicant for a change of name to be a citizen of the United States.
A review of other decisional authority supports the conclusion that "any person" includes a lawful resident alien like the adult petitioner. In Department of Labor v. Cruz, 45 N.J. 372 (1965), the Supreme Court construed a 1962 amendment to N.J.S.A. 10:2-1 (a chapter of the law against discrimination), which prohibits discrimination against "any person" on public works projects. The prior statute had prohibited such discrimination only against "any citizen of New Jersey." See L. 1933, c. 277, § 1(a). The Supreme Court held that "... the substitution of `any person' reveals the intention to prohibit discrimination of the nature described against aliens, as well as citizens, in the hiring of employees on such projects." Cruz, 45 N.J. at 380.
The Supreme Court of this State has ruled that alien status would not bar a litigant from invoking the jurisdiction of the Superior Court under N.J.S.A. 2A:34-10, a provision of the former Divorce Act. Gosschalk v. Gosschalk, 48 N.J. Super. 566 (App.Div. 1958), aff'd., 28 N.J. 73 (1959). The Gosschalk court found that jurisdiction was established by bona fide residence in the State regardless of whether the litigant was a United States citizen.[7]
Courts are granted broad discretion by statute to authorize name changes. Any individual, including an alien, should be allowed to adopt a new name "except for fraudulent or criminal purposes," In re Jackson Name Change, 177 N.J. Super. 591, 593 (Law Div. 1981), or unless there is an overriding *117 social policy which militates against the change. See In re Joseph M., 91 N.J. Super. 296 (Cty.Ct. 1966).[8]
Nothing in the record before the court suggests that the adult petitioner has a "fraudulent or criminal purpose" for changing her name. Nor would an "overriding social policy" be served by requiring her to become a naturalized citizen before or in conjunction with changing her name. By virtue of her "permanent resident alien" status and the length of time she has resided in the United States, petitioner is eligible to seek naturalization at any time. See 8 U.S.C.A. § 1427. She has made a conscious decision not to do so in order to avoid jeopardizing her ownership interest in real property in India. This court cannot identify the public policy that would be promoted by requiring the petitioner to risk forfeiture of land held under the authority of foreign law in order to be known by a different name here in the United States.
An articulable public policy favors a decision that would allow an individual like the petitioner, with unimpeachable immigration status and deep roots in the community, to assume a new name. Most immigrants enter the United States with some measure of confidence that their lives will be better in our great country. To be fettered by an unwanted name would substantially interfere with this petitioner's ability to experience the legitimate blessings of freedom. This is especially unjustifiable because there is no statutory obstacle to a favorable disposition of her application.
The applications by Aruudhati Pirlamarla, Chetana Radhik Pirlamarla, and Anita Krishna Pirlamarla to assume the names of Aruna Pirlamarla Gupta, Chetana Pirlamarla Gupta and Anita Pirlamarla Gupta are granted in their entirety. The adult petitioner is further ordered to serve a true copy of the Judgment authorizing the name change upon the District Director of the Immigration and Naturalization Service, the New Jersey *118 State Board of Medical Examiners, and the New York State Board for Medicine within ten (10) days.
NOTES
[1] Ram Gupta is a naturalized citizen of the United States. He changed his name from Pirlamarla as part of the naturalization process. Cf. N.J.S.A. 2A:52-4.

Federal law confers concurrent naturalization jurisdiction upon the United States District Courts and upon state courts of general jurisdiction. 8 U.S.C.A. § 1421. At any time during the naturalization of an alien, these courts are authorized to grant a bona fide name change to a petitioner, whose certificate of naturalization is then issued in the new name. 8 U.S.C.A. § 1447(f). Name change as part of the naturalization procedure is controlled by federal law. 8 U.S.C.A. §§ 1421-1459. Federal law does not preempt state courts from following authorized name change procedures under state statutes and rules when, as here, no naturalization procedure is pending. See 19 N.J.Prac. § 753 (Ackerson et al.) (2d ed. 1973).
[2] Both children are citizens of the United States by virtue of their birth in this country. 8 U.S.C.A. § 1401(a)(1).
[3] A guardian ad litem need not be appointed when, as here, a parent makes an application on her childrens' behalf. R. 4:72-2. The parent acts as the child's natural guardian. The adult petitioner is the natural guardian for her daughters for purposes of this application in accordance with the court rule.
[4] The complaint satisfies the requirements of the statute and court rule in every respect. Only the adult petitioner's application raises the citizenship question that is the subject of this opinion.
[5] The statutory method prescribed in N.J.S.A. 2A:34-21 is applicable only in a divorce case and does not affect disposition of this application.
[6] For example, the statute could have provided that any citizen of the United States may institute an action in Superior Court for authority to assume another name.
[7] The body of statutory divorce law to which the Gosschalk court referred, N.J.S.A. 2A:34-1 et seq., was amended by the Reform Divorce Act of 1971, N.J.S.A. 2A:34-2 et seq. However, the Legislature did not include any language which limited or undermined the vitality of the Gosschalk decision. Hence, the opinion remains good law.
[8] Even a convicted criminal who is serving a custodial sentence may secure a statutory name change. See Jackson, 177 N.J. Super. at 593.