In the Matter of the Application of John I. Tamino-
sian to Reclaim the Name of Mohammed Nadir.

Filed January 2, 1915. No. 18,918.

Name, Change of. Under the statute requiring sufficient and reason-
able cause for a change of name, a decree is not a matter of right,
but of judicial discretion. Rev. St. 1913, ch. 53.

Appeal from the district court for Douglas county:
Abraham L. Sutton, Judge. *Affirmed.*

*John I. Taminosian, pro se.*

Rose, J.

Under a statute of this state petitioner demanded a
judicial decree changing his name. Rev. St. 1913, secs.
5315-5318. From a dismissal of the proceeding, he has
appealed to this court.

Such a petitioner is required, among other things, to
state "the cause for which the change of petitioner's name
is sought." There is no statutory duty resting on the dis-
trict court to make the order demanded, except "upon be-
ing duly satisfied, by proof in open court, of the truth of
the allegations set forth in the petition, and that there ex-
ists proper and reasonable cause for changing the name
of the petitioner." Proof of proper and reasonable cause
sufficient to satisfy the district court is a condition of the
statutory relief. At common law a man may change his
name any time, but in this state, if he desires a judicial
record thereof, he must adduce evidence to satisfy the
court that there is sufficient and reasonable cause for the
change. In exercising the power to change names, the dis-
trict court is not subject to the whims of every petitioner.
According to his own statements, petitioner was baptized
in a Congregational church at Antioch, Syria, by the name
of Isaiah Taminosian; was admitted into the religion of
Islam under the name of Mohammed Nadir, which he now
desires to resume, his name having by the decree of an

In re Taminosian.

Egyptian court been changed thereto from Yusuf; was banished from Constantinople, escaped from banishment, and traveled under assumed names; was a "Howling Dervish" in the Barnum & Bailey circus; was baptized in the Catholic church at Carlstadt, New Jersey, by the name of John Isaiah Taminosian; was a Volunteer of America in Chicago, as "Captain Tommy, the Turk;" and was rebaptized in the Christian church at Sterling, Illinois, under the name of John I. Taminosian. Petitioner has a wife, two daughters and one son. The wife protests against the change of her husband's name. She and her children are citizens of this state. As such they are entitled to the protection of the laws and the customs governing society. By their present names they have acquired a standing in the family, in the schools and in the community. Proper domestic relations are concerns of the state, and the district court is an arm of sovereignty. In that tribunal the rights of the mother and the children should be protected when known, though they are not parties to the proceeding. Injuries to the feelings and sensibilities of innocent women and children may result in greater suffering and damage than the fraudulent invasion of property rights. Under the statute requiring sufficient and reasonable cause for a change of name, a decree is not a matter of right, but of judicial discretion. Sufficient and reasonable cause for changing the name of petitioner has not been shown. The judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissenting.

Our statute (Rev. St. 1913, secs. 5315-5318) provides: "The district court shall have authority to change the names of persons, towns, villages and cities within this state. Any person desiring to change his or her name may file a petition in the district court for the county in which such person may be a resident, setting forth: First, that the petitioner has been a *bona fide* citizen of such county for at least one year prior to the filing of the petition; second, the cause for which the change of petitioner's name is sought; third, the name asked for. And

it shall be the duty of the district court at any term thereof after the filing of said petition upon being duly satisfied, by proof in open court, of the truth of the allegations set forth in the petition, and that there exists proper and reasonable cause for changing the name of the petitioner, and that thirty days' previous notice of the intended application had been duly given in some newspaper printed in such county, or in case no newspaper be printed in the county, then in some newspaper in general circulation therein, to order and direct a change of name of such petitioner, and that an order for the purpose be made in the journals of the court." The following sections provide for the change of names of towns and for the payment of costs of the proceedings, with a proviso that "any change of names under the provisions of this chapter shall not in any manner affect or alter any right of action, legal process, or property." It will be noticed that the proceedings contemplated by the statute are simple. The only traversable allegation required in the petition is that the petitioner has been a *bona fide* citizen of the county for at least one year. The petition must also allege the name asked for and "the cause for which the change of petitioner's name is sought." Of course, no issue can be tendered on these two allegations.

Formerly the given name, the name in which one is christened, sometimes in Christian countries called the Christian name, was regarded as the real name of the individual. Now custom gives one the family name of his father, and such prænomina as his parents choose to put before it. *Laflin & Rand Co. v. Steytler*, 146 Pa. St. 434. Custom also gives the wife the surname of her husband, but not his given or Christian name. "This person's real and legal name, therefore, was Mrs. Lucy Rogers and not Mrs. Wm. Rogers." *Uihlein v. Gladieux*, 74 Ohio St. 232, 247. This court seems to have stated this rule. *Carrall v. State*, 53 Neb. 431. At the common law a man might adopt any name he chose. In the states that have statutes like ours, providing for change of name, it has generally been held that statutes providing for the change of names

In re Taminosian.

by judicial proceedings do not destroy the right to effect such change by the common law method. *Smith v. United States Casualty Co.,* 197 N. Y. 420. This was the only question considered in that case, and it is quite fully discussed. The opinion quotes with approval from *Laflin & Rand Co. v. Steytler, supra,* as follows: "A man's name is the designation by which he is distinctively known in the community. Custom gives him the family name of his father and such praenomina as his parents choose to put before it, and appropriate circumstances may require Sr. or Jr. as a further constituent part, but all this is only a general rule, from which the individual may depart, if he chooses. The legislature, in 1852, provided a mode of changing the name, but that act was in affirmance and aid of the common law, to make a definite point of time at which a change shall take effect. But without the aid of that act a man may change his name or names, first or last, and when his neighbors and the community have acquiesced and recognized him by his new designation, that becomes his name." This court has decided that "the name which a man 'always went by' which he declares is his name in his dying declaration, and by which his own mother knew him, may be deemed his right name, although one witness has testified that it was not 'his right name.' " *Binfield v. State,* 15 Neb. 484.

What, then, is the "proper and reasonable cause for changing the name of the petitioner" which must appear by "proof in open court" to the satisfaction of the judge? It is generally held (see authorities cited above) that such statutes are "in affirmance and aid of the common law," and the purpose of the statute is "to make a definite point of time at which a change shall take effect. But without the aid of that statute a man may change his name or names, first or last." If, at the time of the application, the applicant's situation and circumstances are such as to make it appear that he seeks to change his name for some unlawful purpose, to assist him in the perpetration of some fraud or injustice, the application might be refused.

In re Taminosian.

The change of the husband's name does not necessarily change the name of his wife. See an article on this question in 18 Law Notes, p. 164, in which a case in the California court of appeals is cited, and other cases. The article concludes facetiously as follows: "In view of all the foregoing, it would seem that our legal neophyte in California should have an unimpeachable right to take the name of Smith, although her husband's name is White. Abstractly considered, there does not appear to be much choice between the two names. White and Smith: What should be in that Smith? Why should that name be sounded more than White? Write them together, White is as fair a name; sound them, it doth become the mouth as well; weigh them, it is as heavy; conjure with them, White will get a verdict as quick as Smith. All irrelevant and immaterial. Mrs. White has chosen to be Mrs. Smith, and that the name of Smith shall bear the honors of her future forensic triumphs. And Smith let it be, say we." In the case at bar there is and can be no party named except the petitioner himself. No one is supposed to join issue with him. The majority opinion assumes that the wife and children are specially interested. If so, there should be a provision for making them parties, or at least for allowing them to appear and defend.

The petitioner, for reasons of his own, which are not forbidden by our law, desires to have a record of his change of name fixing a definite time when that change shall take place. This is all he asks of the court, and I think that the statute is intended for that purpose.

BARNES and HAMER, JJ., concur in this dissent.