Stewart F. Hancock, Jr., J.
Petitioner, Sara Ryan Halligan, a married woman, seeks a court order authorizing her to assume her maiden name, Sara Ryan, pursuant to article 6 of the Civil Rights Law. The sole reason stated for her request is that “ she has been required, when signing certain legal documents, to use the surname of her husband, Roger Halligan.”
Before granting judicial approval of a change of name request, the court must be satisfied: “ that there is no reasonable objection to the change of name proposed ” (Civil Rights Law, § 63). It must determine, in its discretion, that the change is warranted under all of the circumstances (Matter of Douglas, 60 Misc 2d 1057; Matter of Green, 54 Misc 2d 606; Matter of Middleton, 60 Misc 2d 1056; Matter of Jama, 51 Misc 2d 9; Matter of Filoramo, 40 Misc 2d 598).
As petitioner acknowledges in her application, she presently is free, if she chooses, under existing law to use her maiden name. Presumably she is doing so. However, she has failed to set forth any compelling reason for .seeking a court-approved name change which would decree that “ on and after the dates specified ” she “ be known by the name which is hereby authorized to be assumed, and by no other name ” (Civil Rights Law, § 64; emphasis .supplied).
It is fundamental that under our existing laws the rights, obligations and duties of both men and women are affected in countless ways by their marital status, not only in relation to their respective spouses and their children but to third parties. (See, for example, Domestic Relations Law, General Obligations Law, EPTL, Mental Hygiene Law, Social Security Act, Veterans’ Compensation and Relief Act of 1972, Internal Revenue Code [U. S. Code, tit. 26], Retirement and Social Security Law, Tax Law, Social Services Law, and Federal Veterans’ Benefit Law.)
This court will take judicial notice of the fact that today, even though it be the era of the women’s liberation movement and the Equal Rights Amendment and a time when greatly expanded civil rights for women have been recognized by our courts and accepted by society, it is still assumed that a woman, upon becoming married, will follow established custom, as petitioner has done, and adopt the surname of her husband. Thereafter, on literally hundreds of business, insurance, governmental and official records and on ¡scores of accounts, membership and mailing lists, punch cards and computer tapes, she will be identified by her husband’s surname. It seems evident to this court that in today’s complex commerical society which *192 has become dependent on credit cards, automated check cashers, charge accounts and computerized record keeping, granting name changes in cases such as petitioner’s would inevitably create confusion, duplication, errors in records, and unnecessary additional labor and expense. The problem would be particularly aggravated by the mandate in section 64 of the Civil Eights Law that after her name change she may be known “ by no other name” (emphasis supplied). Thus, the annoyance or inconvenience petitioner may have experienced from being required to use her husband’s surname when signing certain legal documents seems far less objectionable than the probability of resultant harm to others from the proposed name change, to say nothing of the chaotic tangle that could result if such a practice became prevalent.
Since this court finds that there may be reasonable objections to the proposed name change, it has decided, as a matter of discretion, that the change is not warranted and that the order should not be granted.
The court, in denying petitioner’s application, does so, not because she is a woman, but because it has concluded, in its discretion, that under section 63 of the Civil Eights Law there is no compelling need for court approval and there exists a real possibility of confusion and harm to others from the name change which would flow from certain attributes of her married state. This potential confusion and harm would result not from her womanhood but from the identification in society she has voluntarily assumed by marrying and taking her husband’s name and from the legal rights, duties and obligations attendant upon her married status. That similar objections could not be made to an application for a name change by a married man is no reason for the court’s over-looking them here, in exercising its discretion, and granting the order despite what appear to be the harmful consequences. Thus, petitioner’s application presents not a case of unlawful discrimination on account of sex or an .unjust classification, but solely the question of whether the court is properly exercising its discretion under the statute. Since the tests for the exercise of such discretion under the governing statute apply equally to all persons regardless of sex, there should be no basis for a constitutional objection on the grounds of unlawful sex discrimination.
The application can clearly be distinguished from recent decisions such as Reed v. Reed (404 U. S. 71), dealing with a mandatory provision of the Idaho Probate Code giving prefer *193 ence to men over women of equal entitlement in the appointment of estate administrators or the holding in Frontiero v. Richardson (411 U. S. 677), which found unlawful discrimination in the refusal of dependency benefits claimed by a servicewoman in behalf of her husband. As stated by the Court of Appeals of Indiana in Matter of Hauptly (294 N. E. 2d 833) in affirming a denial of a similar name-change application by a married woman, “ since the only classification of this statute pertains to that of a ‘ natural person ’ we are not here concerned with that line of cases which suggest that classifications based ,on sex are to be given critical examination under the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. Reed v. Reed, 404 U. S. 71, 92 S. Ct. 251, 30 L. Ed. 2d 225(1971), and Eisenstadt v. Baird, 405 U. S. 438, 92 S. Ct. 1029, 31 L. Ed. 349 (1972).” (Matter of Hauptly, supra, p. 834.) See, also, Forbush v. Wallace (341 F. Supp. 217) refusing a requested declaration that a regulation of the Alabama Department of Public Safety requiring a married woman to use her husband’s surname in obtaining a driver’s license violated the Fourteenth Amendment of the United States Constitution.
The petition is denied, therefore, without prejudice to petitioner’s use of her maiden name as her common-law right, if she so desires.