OGLE, Petitioner v. CIRCUIT COURT, TENTH (NOW SIXTH)
JUDICIAL CIRCUIT, Respondent

(227 N.W.2d 621)

(File No. 11562. Opinion filed April 4, 1975)

Terry L. Pechota and Anita Remerowski, Mission, for petitioner.

William J. Janklow, Atty. Gen., and Galen J. Vaa, Asst. Atty. Gen., Pierre, for respondent.

DUNN, Chief Justice.

Petitioner, Bonnie Lee Hay Ogle, was married to Wayne Ogle in February 1969, and divorced in April 1970. Petitioner was granted custody of the child of this marriage, Scott Alan Ogle. Her present household also includes a daughter, Windy Kay Hay, born prior to her marriage to Ogle.

On May 1, 1974, petitioner filed a petition for change of name under SDCL 21-37-1 through 21-37-5. By this petition, she sought to resume her maiden name of Bonnie Lee Hay. She also petitioned for a change of name for her son (to "Scott Alan Hay"). The Circuit Court of Tripp County denied both uncontested petitions. From the order of the circuit court denying her change of name, we issued a writ of certiorari. The Attorney General has filed a brief in response to that of the petitioner.

The circuit court denied petitioner's application for a change of name for the reasons that:

(1) SDCL 25-4-47 was applicable to this case and did not permit the court to grant petitioner her maiden name,

(2) The petitioner waived any right she had to change her name because she failed to make her request at the time of her divorce proceedings when her husband had an opportunity to be present, and

(3) Petitioner presented no valid reason to support her petition for name change.

The first question raised is the effect of SDCL 25-4-47 on a name change proceeding under SDCL 21-37-1 through 21-37-5. SDCL 25-4-47 provides that:

"Whenever a decree of divorce is granted, the trial court may in its discretion or upon the application of either party *by the terms of the decree* restore to the woman her maiden name, or the name she legally bore prior to her marriage to the husband in the divorce suit. If the custody of any minor child being the issue of such marriage is granted to the mother, this provision shall not apply. All decrees of divorce heretofore entered restoring to the divorced woman her former name under

the conditions hereby permitted, are hereby declared.to be legal and valid and effective from their date of entry." (emphasis supplied)

■ The Attorney General argues that this statute clearly expresses the legislature's intent to except a divorced woman with custody of minor children from the operation of our general name change statutes where the woman seeks to resume either her maiden name or the name held before the marriage in question. It is doubtful that the legislature intended to produce such a result; however, regardless of such speculation, this court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion. Elfring v. Paterson, 1939, 66 S.D. 458, 285 N.W. 443; Red Wing Sewer Pipe Co. v. City of Pierre, 1915, 36 S.D. 276, 154 N.W. 712.

■ The burden upon the applicant under SDCL 25-4-47 is practically non-existent; the woman need only ask that her maiden name be restored, whereas under the provisions of SDCL 21-37-1 through 21-37-5, one who petitions for change of name must show cause for the change of name and must give notice of hearing. In other words, SDCL 21-37 gives opportunity for anyone to object to a proposed change of name, an opportunity that apparently does not exist under the provisions of SDCL 25-4-47.

If it was the intent of the legislature to protect the interests of minor children, the limitation contained within SDCL 25-4-47 can be construed as effectuating the legislative intent that a woman given custody of minor children in a divorce action should not be permitted to resume the use of her former name without first going through the application and notice proceedings set forth in SDCL 21-37.

Thus construed, the limitation in SDCL 25-4-47 seems to be harmonious with the provisions of SDCL 21-37.

"Where statutes appear to be contradictory, it is the duty of the court to reconcile them and to give effect, if possible, to all provisions under consideration, constru-

ing them together to make them harmonious and workable." (Citations omitted) In Re Collins, 85 S.D. 375, 382, 182 N.W.2d 335, 339.

■ Clearly, SDCL 25-4-47 is designed to statutorily enlarge judicial discretion in a divorce proceeding. In the case of a divorced mother granted custody of minor children of the marriage, the legislature chose to withhold statutory authorization for change of name *by the terms of the divorce decree itself.* By its terms, this class is excepted only from the operation of this statute and is not affirmatively denied recourse to the general name change statutes. We hold that SDCL 25-4-47 cannot be extended to interfere with petitioner's application for name change under SDCL, 21-37-1 through 21-37-5. Because of this decision we have no occasion to consider petitioner's argument that SDCL 25-4-47 is unconstitutional.

■ As to the second basis for the trial court's denial of petitioner's application, we see no reason to erect a rule of waiver requiring one in petitioner's position to request a change of name at her divorce proceeding.

The third basis on which the trial court denied petitioner's application raises a question of first impression before this court.

Procedures which an individual must undertake for change of name include bona fide county residency for six months (SDCL 21-37-2); filing of petition in county of residence, alleging residency as above, cause for which name change sought, and the name asked for (SDCL 21-37-3); and publication by legal newspaper (SDCL 21-37-4). SDCL 21-37-5 further provides that:

"At the time and place specified in the notice and upon proof in open court to the satisfaction of the judge thereof that notice of the hearing has been given as required in § 21-37-4 and that the allegations of the petitioner are true, and that there exists proper and reasonable cause for changing the name of the petitioner, the court or judge shall make an order directing a change of the name of the petitioner and directing that such order be entered by the clerk."

■ The great weight of authority recognizes that at common law one was free to change his name without legal proceedings and that statutory name change procedures do not supplant this right but aid it by the official recordation of those changes. This right is generally conditioned only on the absence of fraudulent purpose. Clinton v. Morrow, 1952, 220 Ark. 377, 247 S.W.2d 1015; Petition of Merolevitz, 1946, 320 Mass. 448, 70 N.E.2d 249; In Re Ross, 1937, 8 Cal.2d 608, 67 P.2d 94, 110 A.L.R. 217.

Since statutory name change proceedings have been held supplemental to the common law right, courts have largely encouraged the granting of such petitions in order to secure the advantages of accurate record keeping. Petition of Buyarsky, 1948, 322 Mass. 335, 77 N.E.2d 216; In Re Slobody, 1918, 173 N.Y.S. 514.

■ But the granting of these applications is not automatic; statutes similar to ours have ordinarily been held to vest discretion in the trial court. Application of Halligan, 1973, 76 Misc.2d 190, 350 N.Y.S.2d 63 ("no reasonable objection"); In Re Ross, supra ("right and proper"); In Re Taminosian, 1915, 97 Neb. 514, 150 N.W. 824 ("proper and reasonable cause"). In the recent case of Petition of Hauptly, 1974, Ind., 312 N.E.2d 857, the Indiana court held that it is an abuse of discretion to deny any application for name change after determining that no fraudulent intent is involved. The applicable statute provided that the trial court may make such order and decree as "shall seem just and reasonable." Most courts, however, find that such language vests the trial court with a greater degree of judicial discretion. We prefer to adopt the rule which requires that some substantial reason exist to justify the trial court's refusal to grant the petition for name change. In Re Ross, supra; 57 Am.Jur.2d, Name, § 12, p. 283; 65 C.J.S. Names § 11(2), p. 28.

■ As to what constitutes sufficient reason to deny a name change, this will vary according to the facts of the case. Relevant to the task is this statement:

"Circumstances of special significance that would militate against the granting of such an application would

be an unworthy motive, the possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous or offensive to common decency and good taste." In Re M, 1966, 91 N.J.Super. 296, 219 A.2d 906 at 907.

Embarrassment to children might also be considered where known. In Re Taminosian, supra. The situation here, though, is further complicated by the existence of a child bearing the requested surname.

 Petitioner here testified that she was employed, was supporting both her children without financial aid from her former husband and that she desired to unite her household under her maiden name of Hay. She believed that Wayne Ogle had remarried and was now living in Omaha. Her petition also alleged that no fraudulent purpose was involved and that she desired the change so the community would not think her married to her former husband. Petitioner offered to present additional reasons to support her petition, but she was denied the opportunity to do so by the trial court. It was, of course, the duty of the petitioner to present sufficient evidence to enable the trial court to exercise its discretion wisely and intelligently, but she cannot be held responsible for the trial court's denial of opportunity. No substantial reason appears in this record justifying the trial court's refusal to grant petitioner's application for change of name. Consequently, we conclude that the trial court abused its discretion in denying the petition without giving petitioner an opportunity to present further evidence.

The writ of certiorari did not extend to review of the order denying the petition for change of name of Scott Alan Ogle. Different considerations guide the court in such a proceeding (see Annotation 53 A.L.R.2d 914).

Remanded to the Circuit Court of Tripp County for further proceedings in accordance with this opinion.

All the Justices concur.