**In the Matter of the Petition of Shirley Jean LARSON for the change of her surname.**

**No. 12881.**

Supreme Court of South Dakota.

Argued April 18, 1980.

Decided Aug. 20, 1980.

Robert E. Hayes of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellant, John R. Scheitler.

Sidney B. Strange of Strange & Strange, Sioux Falls, for appellee, Shirley Jean (Larson) Scheitler.

HENDERSON, Justice.

## ACTION

Appellant John R. Scheitler appeals an order of the second judicial circuit court which denied his petition to vacate the order changing the surname of appellee, Shirley Jean Larson, to Shirley Jean Scheitler. Lacking jurisdiction to review appellant's contentions, we affirm the order.

## FACTS

Appellant and appellee were married on February 11, 1978. Appellee took the surname of "Scheitler." On November 13, 1978, a judgment was entered annulling the marriage and restoring to appellee her maiden surname of "Larson." Appellee filed a petition in circuit court on December 14, 1978, to change her surname from Larson to Scheitler. Notice of hearing on the petition was published in the Dell Rapids Tribune of Minnehaha County, a legal newspaper. At all material times, appellee was a resident of Sioux Falls or Brandon and appellant a resident of Sioux Falls. Brandon and Sioux Falls are located in Minnehaha County. In the petition for change of name, appellee stated that all her insurance policies and other important documents were in the surname of Scheitler. Further, appellee stated she was professionally known by the surname of Scheitler. On February 5, 1979, the circuit court ordered that the surname of Shirley Jean Larson be changed to Scheitler. The order was granted on the basis that appellee had the statutory right to petition for a change of name, all notice requirements were met, no objections were filed on the matter, and there was good cause for such change. On June 25, 1979, appellant filed a belated petition to vacate the order for change of name, requesting the matter be reopened and that a hearing be held thereon to permit him to make objections to appellee's name change. In the affidavit filed pursuant to this petition, appellant stated he would suffer embarrassment and health problems (specific ailments were never alleged) if appellee was allowed to change her surname to

Scheitler. The circuit court denied appellant's petition to vacate on July 9, 1979, citing appellee's compliance with all applicable statutes and that appellant's petition was untimely and without substantial merit. Appellant's appeal stems from that denial. The jurisdiction of this Court was not addressed by the circuit court; however, it is addressed in the briefs and it is critical to this case.

## ISSUE

Does this Court have jurisdiction to entertain an appeal under the circumstances of this case?

## DECISION

■ Appellant requests that the circuit court's order changing appellee's surname be vacated and the proceedings thereon be reopened to enable him to appear and have his objections heard. He seeks relief under SDCL 15–6–60(b) which provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

. . . . .

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

. . . . .

(6) Any other reason justifying relief from the operation of the judgment.

The motion to vacate under this section must be made within a reasonable time and not more than one year after the judgment, order or proceeding was entered or taken. Therefore, appellant's petition, occurring approximately four months subsequent to the circuit court's order, is timely.

■ However, collaterally connected to SDCL 15–6–60(b) is SDCL 15–6–81(a) which provides that Chapter 15–6 "does not

govern pleadings, practice and procedure in the statutory and other proceedings included in but not limited to those listed in Appendix A to this chapter in so far as they are inconsistent or in conflict with this chapter." Chapter 21–37 (change of name provisions) is enumerated in Appendix A. The list comprising Appendix A is prefaced thusly:

> Following is a list of statutes and special proceedings which will be excepted from these rules [Chapter 15–6] in so far as they are inconsistent or in conflict with the procedure and practice provided by these rules[.]

Hence, the question is whether Chapter 21–37 is inconsistent or in conflict with the provisions provided in Chapter 15–6. We hold that such a conflict and inconsistency does exist.

The rationale for the exclusion of Chapter 21–37 from Chapter 15–6 is apparent when the nature and purpose of each chapter is examined. The scope of Chapter 15–6 is stated in SDCL 15–6–1:

> This chapter governs the procedure in the circuit courts of the state of South Dakota in all *suits* of a civil nature, with the exceptions stated in § 15–6–81. It shall be construed to secure the just, speedy and inexpensive determination of every action. (Emphasis supplied.)

Chapter 21–37, however, does not entail traditional suits of a civil nature. There is no plaintiff or defendant; only a petitioner. The proceeding is not adversarial in nature; neither a summons nor a complaint is involved; personal service of process is not needed. A change of name proceeding is concerned with a petitioner's legal identity, not with various parties' legal rights. Instead of a trial, there is a hearing at which a petitioner testifies as to the reasons for the change of name. Although change of name proceedings do not involve party litigants as envisioned by SDCL 15–6, SDCL 21–37–4 mandates that notice of the hearing is to be made public through publication in a local newspaper. This would allow other interested individuals to appear and testify as to objections regarding the proposed change of name.

■ Appellee fully complied with the notice requirements of SDCL 21–37–4. Appellant, a resident of the same county as appellee, was put on constructive notice at least four weeks prior to the change of name hearing. This is the required notice under SDCL 21–37.

■ In *Ogle v. Circuit Court, Tenth (Now Sixth) Judicial Circuit,* 89 S.D. 18, 227 N.W.2d 621 (1975), this Court held that at common law an individual was free to change his name without legal proceedings and that the primary purpose of our statutory change of name provisions was not to supplant or abrogate the common law right. Rather, the primary purpose of our statutory change of name provisions was to secure the advantages of accurate and official recordation. We also stated "SDCL 21–37 gives opportunity for anyone to object to a proposed change of name." This statement was made in the context of differentiating SDCL 21–37 from SDCL 25–4–47 (which allows a woman to request the restoration of her maiden name immediately subsequent to a divorce decree). SDCL 25–4–47 has no notice requirement prior to the restoration of a recently divorced woman's maiden name while, as previously mentioned, SDCL 21–37 has a general notice condition. Hence, the opportunity for anyone to object at the hearing to a petitioner's change of name request stems from this general notice provision, and an objection will be not heard by way of posthearing means.

Due to the inapplicability of SDCL 15–6–60(b) regarding change of name proceedings, we lack the necessary jurisdiction to consider appellant's purported grievances. The circuit court's order denying appellant's petition to vacate, and the order changing appellee's surname from Larson to Scheitler, will not be disturbed by this Court. Appellee's request for attorney's fees under the authority of SDCL 15–17–7 has been evaluated and is without merit. Other issues raised by the briefs are therefore moot.

All the Justices concur.