**MILLS WHOLESALE LIQUOR COMPANY, a South Dakota Corporation, Plaintiff and Appellee,**

v.

**Steven J. ZELLMER, Secretary of Revenue, State of South Dakota, Defendant and Appellant,**

v.

**SIOUX FALLS WHOLESALE COMPANY, a South Dakota Corporation, Intervenor and Appellant.**

**Nos. 13051, 13055.**

Supreme Court of South Dakota.

Argued Oct. 16, 1980.

Decided Nov. 19, 1980.

William A. Bowen of Rice & Bowen, Aberdeen, for plaintiff and appellee.

John Dewell, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Kennith L. Gosch of Bantz, Gosch & Cremer, Aberdeen, for intervenor and appellant.

MORGAN, Justice.

The trial court granted summary judgment in favor of Mills Wholesale Liquor, plaintiff-appellee (appellee), on its petition for declaratory judgment. Secretary of Revenue Steven J. Zellmer, defendant-appellant (Secretary), and Sioux Falls Wholesale, intervenor-appellant, appeal from that grant of summary judgment. We reverse.

Stanley L. Mills (Mills), doing business as Mills Wholesale Liquor, applied for a wholesale liquor license for 1979. A hearing was held before Secretary in Pierre. At that time Mills informed Secretary that he intended to transship liquor from Oklahoma. Secretary entered a "Memorandum Decision, Findings of Fact, Conclusions of Law, and Order" (Memorandum Decision) on March 29, 1979, in which Secretary issued a wholesale liquor license to Mills, and made a determination and interpretation of SDCL 35–4–47 * as it would apply to Mills. In his Memorandum Decision, Secretary stated: "Inasmuch as this is a serious matter I will rule on this at this time and will hold that SDCL [35–4–47] does not permit any transhipment [sic] from Mr. Mills' operation in Oklahoma to Mr. Mills' operation in South Dakota." Two of Secretary's Conclusions of Law were as follows:

V.

That the provisions of § 35–4–47 prevent the transhipment [sic] of alcoholic beverages from a wholesaler licensed in some other state to a wholesaler in this state.

VI.

That the provisions of § 35–4–47 require that a wholesaler licensed in South Dakota purchase alcoholic beverages only from distillers or wholesalers licensed under that chapter.

Secretary then ordered that Mills receive the license, but also ordered that he "purchase alcoholic beverages only from distillers or wholesalers licensed under Chapter 35–4." Mills did not appeal from that determination. Thereafter, Mills transferred his liquor license to appellee.

On September 19, 1979, appellee filed in the Fifth Judicial Circuit Court, Brown County, the county of its residence, a petition for declaratory judgment asking the trial court to enter a judgment:

1. Declaring and adjudicating the respective rights and duties of [appellee] under the Memorandum Decision, Findings of Fact, Conclusions of Law and Order entered by the Secretary of Revenue on March 29, 1979.

2. Declaring the Secretary of Revenue as without authority or jurisdiction to interpret legislation, particularly SDCL 35–4–47.

3. Declaring the non-existence of a "primary source law" in the State of South Dakota.

4. Declaring that under the statutory scheme of the South Dakota Code, [appellee] may purchase, transship and receive, alcoholic beverages from foreign wholesalers and other sources outside of the State of South Dakota for sale to retailers for resale in South Dakota.

5. Declaring such other rights, duties and obligations as the Court deems just and equitable.

---

* SDCL 35–4–47 reads:

Except as provided in §§ 35–2–9 and 35–10–16, distiller and wholesaler licensees shall purchase or receive alcoholic beverages only from:
(1) Distillers or wholesalers licensed under this chapter;
(2) Transportation licensees, including deliveries by such transportation licensees through a freight, express, or parcel post depot within the municipality where such distiller or wholesaler licensee operates, and including such beverages so transported that have been imported from outside the state;
(3) Bonded warehouses as provided in § 35–4–45.

On that same day Secretary filed a motion for change of venue and notice thereon. Alleging that the provisions of SDCL 15–5–2(2) applied so that the proper venue was Hughes County, his official residence, Secretary wanted the venue changed from Brown County to Hughes County. After a hearing, the trial court denied the motion.

Appellee made a motion for summary judgment, after which a stipulation for intervention was filed wherein both parties agreed to allow Sioux Falls Wholesale Company, which opposed the motion for summary judgment, to intervene. The trial court ultimately granted appellee's motion for summary judgment, declaring that appellee, as a licensed liquor wholesaler, was not prohibited by South Dakota law from purchasing, transshipping and receiving alcoholic beverages from foreign wholesalers outside of the State of South Dakota for sale to retailers for resale in South Dakota, and that SDCL 35–4–47, when considered with the other sections of SDCL Title 35, of which it is a part, does not establish a "primary source law" for the State of South Dakota. Appellants, Secretary and Sioux Falls Wholesale Company, claim that the trial court erred in denying Secretary's motion for change of venue. In denying the motion, the trial court determined that the proper venue was under SDCL 1–26–14, and therefore in Brown County. That statute, in pertinent part, reads as follows:

The validity or applicability of a rule may be determined in an action for declaratory judgment in the circuit court for the county of the plaintiff's residence, if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action.

Appellants, however, argue that the proper venue statute is SDCL 15–5–2(2), which reads, in pertinent part, as follows:

Actions for the following causes, or upon the following instruments, must be tried in the county where the cause, or some part thereof, arose, or the forfeiture was declared, subject to the power of the court to change the place of trial:

.    .    .    .    .

(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person, who, by his command or his aid, shall do anything touching the duties of such officer[.]

" 'It is a well founded legal principle that when the language of the statute is clear, certain and unambiguous, there is no occasion for construction and the court's only function is to declare the meaning of the statute as clearly expressed in the statute.' " *Gourley v. Board of Trustees of S. Dakota*, 289 N.W.2d 251, 254 (S.D.1980) (citations omitted). "[T]his court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion." *Ogle v. Circuit Ct., Tenth Jud. Circuit*, 89 S.D. 18, 21, 227 N.W.2d 621, 623 (1975).

In order for SDCL 1–26–14 to be applicable, and thereby set the venue for this case in Brown County, it is necessary that the declaratory judgment be based on the validity or applicability of a rule. Appellee concedes that Secretary's Memorandum Decision is not designated as a rule, but argues that Secretary stated, "Inasmuch as this is a serious matter I will rule on this at this time . . .," and that Secretary's use of the word "rule" reflects that this is in fact a rule within SDCL 1–26–14. It also argues that from a reading of the Memorandum Decision, it is apparent Secretary's action falls within the general definition of "rule" as set forth in SDCL 1–26–1(7).

"Rule" is defined in SDCL 1–26–1(7) as follows: "[E]ach agency statement of general applicability that implements, interprets, or prescribes law, policy, procedure, or practice requirements of any agency." The definition then goes on to include "the amendment or repeal of a prior rule," but to exclude five different areas, none of which are involved in this suit.

In *Fox v. Kneip*, 260 N.W.2d 371, 375 (S.D.1977) (footnotes omitted), this court said:

> A rule ... is the product of rule making and rule making is the part of the administrative process that resembles the legislature's enactment of a statute. Rule making is the issuance of regulations or the making of determinations which are addressed to indicated but unnamed and unspecified persons or situations.

The word "rule" as used in SDCL 1–26–14 is obviously a noun and therefore means "a prescribed, suggested, or self-imposed guide for conduct or action: a regulation or principle." Webster's Third New International Dictionary (1971). As used in Secretary's Memorandum Decision, it is obviously used as a verb, and therefore means simply "to declare authoritatively." Id. The two uses are not synonymous.

Since there is, then, no "rule" upon which to base the venue according to SDCL 1–26–14, the declaratory judgment action as taken by appellee must come under SDCL Ch. 21–24 and SDCL 15–6–57. The venue therefore should properly have been in Hughes County under SDCL 15–5–2.

Accordingly, we reverse.

All the Justices concur.