IN THE MATTER OF THE APPLICATION OF PARTRICIA FISHER, AS NATURAL GUARDIAN OF MARIE CHRISTINE FELICIA FISHER, INFANT, FOR LEAVE TO ASSUME THE NAME MARIE CHRISTINE FELICIA STAROSCIAK.

Superior Court of New Jersey
Law Division Essex County

Decided January 2, 1985.

*Essex-Newark Legal Services* for plaintiff.

*John A. Jorgensen* for defendant (*Foley & Gazi*, attorneys).

LANDAU, J.S.C.

This is an action brought under *N.J.S.A.* 2A:52–1, *et seq.* by the natural mother of Marie Christine Felicia Fisher, who was born out of wedlock on August 5, 1980, to change the child's surname to that of her natural father, Starosciak. An adjudication of paternity was entered in the Juvenile and Domestic Relations Court in 1982, together with a support order.

The case is novel, in that the child's father vigorously opposes the application to have the child bear his surname. Although he does not seek to collaterally attack the earlier paternity proceedings, Starosciak says he still harbors doubt as to paternity and characterizes his objection as "vehement." Reasons given are his relative lack of child contact (approximately four times since birth); absence of intention to marry plaintiff; subjection of the child to ridicule because of having a different last name from the person with whom she resides; and his assertion that plaintiff's motive is a desire to either harass him or to rekindle their relationship.

Previous cases in New Jersey have considered the more common problem of objection by a natural father to change of a

child's surname from that of the natural parent. *See, e.g., Sobel v. Sobel,* 46 *N.J.Super.* 284 (Ch.Div.1957)

Our statutes do not address the question of surname for a child of unmarried parents.

■ At the hearing on this application, the applicant mother testified that she has no desire to harass defendant nor does she have any other unworthy motive, and that she is concerned only with the possibility of "embarassment" to the child which might have a negative psychological effect. Although Patricia Fisher represented that the child expressed her wish to bear the name of her father, given the child's tender age and the doubts that reasonably arise in connection therewith, little weight should be given to this assertion. *In re Lone,* 134 *N.J.Super.* 213, 216 (Cty.Ct.1975).

It has been held that children older than Marie Christine did not have sufficient capacity to make an intelligent choice of this nature. *Degerberg v. McCormick* 41 *Del.Ch.* 46, 187 *A.*2d 436 (1963): *Lazow v. Lazow* 147 *So.*2d 12 (Fla.App.1962).

■ As a general proposition, the legal name of a child born in lawful wedlock is the surname of the natural father. *Sobel v. Sobel,* 46 *N.J.Super.* 284 (Ch.Div.1957). In 65 *C.J.S. Names,* § 3, it is broadly stated that, "The natural father of a minor furnishes the surname of such minor." Cases there cited to support this broad proposition, however, arise in connection with children of divorced parents. It appears more accurate to observe that at common law, a child born out of wedlock had no rights as to the natural father, including no right to his name. *Pfeifer v. Wright,* 41 *F.*2d 464 (10 Cir.1930). Notwithstanding substantial modern changes in this unfair condition, neither our courts nor our Legislature have spoken on the question of surname for a natural child.

■ It is well settled that absent improper or fraudulent intent, a person may adopt any name, without resort to the statutory procedure. However, the language of *N.J.S.A.* 2A:52–2 restricts this common law right, once a name has been

changed under the statute. *See In re Bonnie Lee Daniels Lawrence*, 128 *N.J.Super.* 312, 316 (Cty.Ct.1974).

■ Courts have wide discretion in granting or refusing an application for change of name. *In re Joseph M.*, 91 *N.J.Super.* 296 (Law Div.1966). Here such change in the *status quo* is sought on behalf of a four year old, an age palpably inadequate to appreciate its significance, or to express an independent view to the court.

In the face of vigorous opposition from the parent whose name would be assumed and who rejects any personal relationship with his child, I do not see how Marie Christine's interest will be advanced by forcing upon her the requested change in surname, and the burden of coming to court again if she later disagrees with the change.

■ A change of name will be refused if the court entertains a serious doubt as to the propriety of granting it. *In re Bonnie Lee Davies Lawrence, supra.*

■ In time, Marie will be old enough to choose for herself. When that time comes, she may well elect to use the father's surname of her own free will. I will not now order this change.