219 N.J. Super. 334 (1987)
530 A.2d 361
K.K., PLAINTIFF,
v.
G., DEFENDANT.
Superior Court of New Jersey, Chancery Division Ocean County.
Decided January 28, 1987.
*335 Alan J. Cornblatt for plaintiff (Alan J. Cornblatt, attorney).
Joseph Purrazzella for defendant (Purrazzella & Purrazzella, attorneys).
ROSALIE B. COOPER, J.S.C.
This action was initiated in the Law Division by N.'s[1] mother, as custodial parent, seeking to change the name of her 6 1/2-year-old daughter to that of her husband. With the addition of issues pertaining to child support and visitation, the matter became convoluted and was transferred to the Family Court for resolution. However, as those issues present no *336 unusual questions for determination, this opinion is confined to the change of name aspect of the case, concerning which there are unique elements.
The stipulated facts indicate that N. was born of unwed teenage parents. All legal documents from the time of her birth to date exhibit her surname as that of her biological father, defendant herein.
While plaintiff has had custody of N. throughout her life, defendant and his family have been a constant presence by way of visitation on a weekly basis and regular child support payments. Plaintiff married her present husband in 1982 and N., along with her baby stepbrother, has continuously lived with them since that time.
Testimony proferred included that of a psychologist, produced as a witness for plaintiff, who has examined N. on five occasions between 1985 and 1986. The last two visits dealt with N.'s perception of herself and her identification with the two families of which she is a member. This court adopts the following findings of the psychologist deeming them to be totally credible.
The psychologist found that, although there was no demonstrated pathology, N. evidenced extreme agitation when confronted by the "name" issue. She perceives herself as bearing the surname of plaintiff's husband and quite definitely identifies herself in that way. Since she has maintained such identification throughout three years of nursery school and now during her first year of grade school, N. has on a number of occasions suffered extreme discomfort in school when her biological name was used. Such negative response to the use of her biological name, as noted by the psychologist, was confirmed by plaintiff.
The psychologist further found that, while N. is aware that defendant is her biological father, she has relegated him to the *337 position of "make believe" or "weekend father."[2] The psychologist has thus designated plaintiff's husband as the "psychological" father. See Mills v. Atlantic City Dept. of Vital Statistics, 148 N.J. Super. 302, 308, n. 1 (Ch.Div. 1977).
The level of understanding regarding her lineage is obviously inhibited by her age and lack of sophistication. It was conceded by the psychologist that N. should continue to be made aware of the true facts concerning her biological background so that she will be in a better position to understand that background at some time in the future.
This court finds that the society in which we live today is purportedly neither maternal nor paternal. The principle of gender neutrality is evident in the laws as administered by the courts of New Jersey and throughout the legal system; great efforts have been generated to further this concept.
In that regard, while not being bound by the decisions of courts of comparable jurisdiction, this court adopts the rationale and logic enunciated in the case of Application of Rossell by Yacono, 196 N.J. Super. 109 (Law Div. 1984), in which Judge Haines stated:
The emergence of women as equals of men in our society may be our most significant revolution. The acceptance of that emergence is grudgingly slow; it is an acceptance which the courts must not impede. Names, as this case clearly illustrates, are intimately involved with the status of women. Rules of law for changing names cannot be premised upon unacceptable theories of inequality. The right of a mother to have her child bear her name must be recognized as equal to that of the father. [At 114-115][3]
This court recognizes the fact differential between that considered in the Yacono case and that at bar. In contradistinction to the factual pattern presented there, in this case N. has achieved a significant identification with the last name of *338 plaintiff's husband. Further distinguishing the cases, defendant's interest in N.'s welfare and her well-being has been consistent from the date of her birth and continues to this day. He has, as far as this court knows, treated her in every way that a loving parent would treat his child. His behavior has been consistent in visitation and his concern for the child is evident. Not only he, but his family, has been aggressive in their efforts to foster a loving relationship with N.
This court holds that the broad discretionary power afforded in a change of name case, as recognized in the case of In re Fisher, 204 N.J. Super. 75 (Law Div. 1985), permits the application of the "best interest of the child doctrine" in a case such as is being considered here. Accord Lassiter-Geers v. Reichenbach, 303 Md. 88, 492 A.2d 303 (Ct. of App. 1985).
Conjoining this reasoning with that set forth in the Yacono case and to obviate the dangers set forth therein, i.e., feelings of rejection by either the mother or the biological father as to the identification with either family, 196 N.J. Super. at 114, it is the determination of this court that the name change requested is denied.
In lieu of the requested relief and with the acquiesence of counsel, this court finds that the best interest of N. would be served if she were to be permitted to add to her present name that of her stepfather. In that way, the child's present anxieties would be allayed by permitting her to be addressed as she wishes at this time, and her awareness of the realities of the situation would not be inhibited in the future when she will be better able to comprehend them. This court recognizes that it has become more and more common for people to bear both the last name of one's birthmother and the surname of one's birthfather and thus N. would not suffer from being in a unique situation.
Plaintiff's counsel will submit an order which conforms with this opinion.
NOTES
[1] Becauseof the facts stipulated and found by the court, initials will be used to identify the parents to spare the child any adverse effects now or in the future.
[2] It should be noted that when in their presence, N. refers to both defendant and plaintiff's husband as "Dad," but uses their first names when referring to them out of their presence.
[3] Parenthetically, this court notes the increasing frequency of the retention of the birthname by women upon their marriage.